Jones, J.
It appears from the record, transmitted to this Count from the Court below, that the plaintifij, Holmes & Elliott, on the 7th April, 1818, filed their declaration in the Clerk’s office, against the two defendants, Hanly & Scott, (and two others,) in a plea of debt, on several notes of hand, on which day, a capias issued against the defendants, also in a plea of debt, returnable to the then next term, second Monday of J une, on which day the Sheriff' returned the said writ, as executed on the defendants, Hanly & Scott, who gave bail, and as to the two other defendants, non est. That at April term, 1818, (the word c:Jlpril” supposed to have been, through mistake, inserted in the transcript, instead of “dime,”) the defendants, Hanly & Scott, plead nil debet, and tendered an issue, and the plaintiffs joined in issue, when tbe cause was continued until October term following; at which term, on motion of the plaintiffs’ attorney; leave was given him to file an amended declaration, which was done accoidingly. This dicta ation is in a plea of trespass on the case, on several notes of hand, and the cause was continued to April term, 1819, when judgment, by nil dicit, was entered against the1 defendants for damages and costs. The record hasbeen brought to this Court by writ of error, and the errors assigned, are: First, that after defenda its had appeared and pleaded, and issue was joined, and the cause continued at the June term, 1818, that at October term, then next, the plaintiffs had leave to amend their declaration, and filed a new one, in trespass cm the case, on which judgment was obtained; second, that it does not appear that the defendants were ever served with process in the said action of trespass on the case, or any notice given them in any manner whatever; third, that the judgment was rendered at the April term, 1819, without notice to the plaintiffs in error, or their counsel, or any rule to plead, or being required to answer thereto, at any time or place, or in any manner whatever; fourth, that the action is in debt, and the judgment for damages only; fifth, that the judgment is against flanly and Scott, when both the declaration and writs are against Hanly and Scott (and two others,) and no reason appears for a severance in the judgment; sixth, the first declaration is not withdrawn, and is an action of debt; the second is an action of assumpsit, which is a misjoinder; seventh the judgment is by nil dicit, whereas there was a plea filed in due time, to the first action or count, and issue thereupon to the country; eighth, that the issue to the first count was not in any manner disposed of; ninth, that Hanly and Scott were not served with process, or notified in any manner, of the action in which the judgment was *61 ■rendered. In this cause two material questions present themselves for discussion: first, whether, after issue joined in one form of action, a plaintiff can, on leave to -amend his declaration, file a new one in another and different action; and second, if so, whether judgment by nil dicit can he entered on this amended declaration, so long as the plea to the first form of action was neither withdrawn nor set aside.
The plaintiff’s counsel (in error) have contended, and produced several authorities which show, that the writ and declaration must be conformable to each other, 5 Com. Dig. c. 13; 3 Black. Com. 393; 6 Term Reports, 653, 4; 1 Chitty 248; and, that on leave given to amend a declaration, (the defendant, plaintiff below,) could not legally file one in another form of action, different from the writ; and the defendants contend they had a right to file the amended declaration, in the manner they had done; and in support of their position have adveited to the practice in the English Courts, of filing declarations by the bye.
Having on another occasion, at this term, given my opinion that our judicial proceedings ought not to be regulated by the rule of practice in those Courts, and that they have never been adopted (nor, indeed, could they, for want of several officers which we have not) in our Courts, I shall, without further observations, proceed to investigate the mode in which actions must be commenced and prosecuted in this country, not by mies of Courts, but by positive statutory provisions. The judiciary act of 1810, (Digest, 248,) requires the declaration to be filed with the Clerk,, containing the true nature of Ms demand, on which the proper writ is to be endorsed, and that there should be fifteen days at least between the execution of such writ and the term to which it is returnable. Anfl the act of 1815, (Digest, 245, 6,) requires that service of a ’summons shall be by reading the writ and declaration to the defendant, or delivering him a copy thereof, or leaving such copy at his usual place of abode, with some person of the family, and informing such person of the contents. The incipiency of an action, therefore, with us is not founded on fiction, (as it is in England, where a party is served with process to answer, he does not know whom, non for what cause of complaint;) here the writ and declaration, with the true nature of the demand, must- either be read, or a copy delivered to him, at least fifteen days before the term, in order that he may make preparations for his defence. The practice of declaring by'the bye, would not only be in direct violation of the statutes, but would also be attended with much more hardship and inconvenience than is generally supposed. A person may have suit brought against him for a debt, which he may, by making some sacrifices, be able to meet at the return term, or perhaps may have just defence in law to make to it. He comes to Court, prepared for one of these purposes, and is surprised and taken unawares, not by a writ, but by a declaration filed against him by the bye, for a different cause of action. Let me suppose a case: A. has two notes of B.’s, one for $100 and another for a $1000; a writ is issued and served on B. in an action of debt, for the first sum, which he is prepared to meet by defence to the action or payment of the demand. Would it, (let me ask,) be either reasonable or just, (laying our statutes aside,) that A. should at the return term, without any previous notice, be at liberty, by filing a declaration by the bye, to compel B. to answer a demand, for the payment of which, he had no idea of being called upon. Again, supposing the first note due before issuing the writ, and the larger one would not be so until the day before the return term, if the method of declaring by the bye should be permitted, such a declaration might, at the return term, of the writ, he filed against B, for the latter debt. The *62 same inconvenience would occur, were he to he declared against by the bye, on bonds or notes which had been assigned to Jl. after service of the writ in the first action.
Much has been said, and many distinctions attempted to have been drawn between leave to amend a declaration, anddeave to file an amended declaration. For my part, I can see no difference; they are, in my opinion, substantially the same. Admitting, however, that the leave to file an amended declaration, means something more than to amend one, I cannot think that, the plaintiff ought to have been permitted to file the second declaration as an amended one. By the term amend, we must suppose something in existence that is in need of amendment, so that we may engraft something new on the old stock. But this second declaration is not so; it is an entire new one, for a different cause of action, and a different sum laid for damages. The case of Maricott v. Lister, Mich’s. 3, Geo. 3d, 2 Wil. 147, shows us how far even the Courts in England have gone, in permitting amendments of a declaration. The action was in assumpsit for money lent to to a third person; plea filed, issue joined, verdict for the plaintiff. The judgment was arrested,because assumpsit would not lie for money lent to a third person.
The plaintiff brought error, produced a new writ, in which the count was for money paid and advanced to a third person, and prayed for leave to amend the former declaration by striking out the word lent, and inserting in lieu thereof, the words, paid and advanced.
The Court refused the amendment, evidently, because it would he substituting a new cause of action. It is a rule in pleading, Gill. c. p. 7, Com. Dig. 138, that the process and judgment must agree. Hov>' will this rule comport with the proceedings in this cause below ? The process is in debt; the judgment in case. The damages in the writ are laid at $3,000; in the second declaration at $15,000, and the judgment is for $12,115 36. It was suggested by the defendant’s counsel, that, by the judicial act, (Dig. 251,) amendments may be made in process, hut they have not shown that any amendment was either made or prayed fdr. On, however, examining that act, (sec. 25,) it will he found not to meet the case. It provides for the amendment of all imperfections for want of form, in process and pleadings, and that no judgment should he reversed for want of form, in any process, &c., hut such as the party shall specially set down for causes of demurrer. The writ in this cause was not defective, either in form or substance, and it does not want amendment. There is no error in the process ; the error is in declaring and faking judgment in a form and substance not consonant to, or warranted by, the original process. The judgment being, in my opinion, erroneous on the first point staled, I shall say but little as to the second. The defendants’ counsel contended, that a judgment by nil dial, may he entered on an amended declaration, notwithstanding a plea had been filed and issue joined on the former declaration. In support of their position, they have quoted T Tidd. 506 and 654, which go to show, that on a plea of nil debet, to an action on the case, the plaintiff may sign judgment; and they also cite, 2 Bibb, 167; 2 Tidd. 264; 7 Term. Rep. 76; 3 Johnson, 141; 4 Johnson, 485, which go to show, that an irregular judgment cannot he assigned for error. Those authorities go to prove the English practice io he, that if a judgment is signed by a party, without having taken the necessary steps to entitle, him thereto by the rules of Court, or if an inconsistent plea, (such as nil debet, to an original declaration irj an action of as-sumpsit,) is filed, the plaintiff may consider it a nullity and sign judgment. Those cases are not apposite to the present question, which is, whether, after a good plea has *63 been filed to a good declaration, and that declaration is afterwaids amended with leave, the plaintiff can sign judgment by nil dicit, while the former plea has been withdrawn or set aside. The defendants’ counsel contend he cannot, and cite as authority, 6 Johnson’s Rep. 286, and several other authors, to which may be added, 2 Call, 26. case of Eppes and Demoville, as in point; a declaration was filed in that case, pleas filed and issue joined; that declaration was withdrawn by consent, and a new one filed. The parties went to trial without any other pleading, and verdict and judgment for the plaintiff. On error being brought, one of the assignments was, the want of pleas to the new declaration, and so the trial had without any issue, and also, that the plea to the first declaration was not a proper one to the second. But the Couit decided, the plea filed must apply to the new declaration ; for that the defendants, by proceeding and trying the cause, had admitted the propriety of it, and that it was then too late to take exceptions. . This authority, with those above cited by the plaintiffs in error, are, in my opinion, decisive, that it was error to take a judgment by nil dicit in the action. The defendants ought either to have moved to set the first plea aside, or demurred, or got the defendants below to have withdrawn it. I consider the leave to file an amended declaration as being erroneous, or at least ought not to have been granted; it is never done in England; the furthest they have gone, is to amend the declaration in particular parts, or adding new counts for the same >cause of action. Supposing it, however, properly granted, I think the taking the judgment on it was not warranted, acording to the true spirit and meaning of our statutes. If this new declaration, (as it is in fact,) was for a new and different cause of action, it ought to have been served on the defendant, and a copy given him of it fifteen days at least before the term succeeding the one in which it was filed; and, if according to the English practice, (if it must be adopted among us,) he ought to have given a four ¿ay rule to plead at the succeeding term, and served the defendants’ attorney with a written demand of a plea, which, if not filed within twenty-four hours after the expiration of the rule, would have entitled him to judgment by nil dicit.
Should the judgment be confirmed^ it will have the effect of sanctioning the method of filing declarations by the bye, witlljall its ruinous consequences.
In my opinion, it ought to be reversed with costs, and the cause sent back to the Court below for further proceedings.
Cook, J.
The only questions which have presented any difficulty to me, in this case, are: first, whether the amended declaration changed the substantial character of the action; and secondly, whether it is error to sign judgment by nil dicit, as in this case, after issue on the original declaration and plea upon amended declaration, filed by leave of the Court Upon a strict examination of the statutes upon this subject, I am satisfied that the amended declaration does, in substance, comport with the original one, and any variance between them is of a formal character, and such as can only be taken advantage of by special exception. On the second point, my opinion is, that it was irregular to enter up judgment by nil dicit, or for want of pleas, de novo, as the defendants had plead to the original declaration, and had neither withdrawn or abandoned that plea; but the defendants should have taken advantage of this irregularity, by moving to set the judgment, thus irregularly obtained, aside, in the Court below, *64 and having failed to do so, he cannot have the irregularity corrected, on writ of error. I am, therefore, of opinion, that the judgment ought to he affirmed with costs.
M’Gibic, C. J.
This was an action of debt, brought on four several promissory notes, by the plaintiffs, against Hanly, Scott, Lawless and Warnock. Hanly & Scott were taken on a capias, and gave hail to the action ; as to Wamoch and Lawless, the, Sheriff returned non est vmentus. At the return term, Hanly & Scott plead nil, debet, issue joined at the succeeding term, and the plaintiff took leave “ to file an amended declaration,” the record says, which is done accordingly. This amended declaration is in assumpsit, for the same amount of money claimed. In the first one, the promissory notes are of the same tenor and date; then the cause was continued till the next term, without taking any notice of the other defendants not . taken. At the term to which this case was continued, the plaintiffs took judgment against Hanly & Scott by nil dicit, sounding in damages entirely, evidently proceeding on the declaration in assumpsit, and took no notice of Lawless and Warnock. Nothing is said on the record about abandoning flic first, declaration, and no notice further taken of it. On this judgment, the cause is brought here for reversal; nine causes of error have been assigned by the plaintiffs in error. The first of which is, that it was error to permit this declaration in case, and pioceedonit; second, that as to the amended declaration in case, no process or notice was served on defendants; third cause, in substance, as the second; fourth, the action is in debt, judgment in damages ; fifths-that the judgment is against Hanly & Scott, when both said declarations, are against them and two others, and no reason appears for a variance; sixth, the first declaration in debt is not withdrawn, so a misjoinder; seventh, judgment is by nil dicit, and the plea of nil debet yet remained ; eighth, that the issue on nil debet was not disposed of; ninth cause substantially as the second; joinder in error. There is in this assignment of errors, two causes only, which are substantive and distinct, the decision of either of which, for the plaintiff, is sufficient to reverse the judgment; but if these points are against him, then the minor points must be disposed of. The first is, could the declaration in case,-in an action of debt, be allowed under leave to file an amended declaration ? It is contended here, fhat, by lhe English course of practice,, a variance belweeen the mense process and count is not material, and a case is cited, where the capias ad respondendum was in assumpsit, and the count in trover, and held not to have any other effect than to discharge the bail. (1 Tidd 404.) It is said on the other side, that, in this state, the original writ used is to he likened to the original issuing out of chancery in England, and that a variance between the-count and writ and error brought, would he had. The true character of the first writ used by our law, is to he ascertained by the end for which it is used, and the-offices which it performs.
The first statute, which makes mention of a writ was passed so early as 1807,. which gives the style of all writs, and requires a judicial seal.. Here it may he remarked, that at that time, the idea of writs as understood in England, was not now to the legislature, hut to the countiy it might he so, therefore it became necessary to enter into the subject more minutely than otherwise would have been sufficient, (see Digest, 242.) In the same statute, entitled an act to regulate judicial proceedings, (Digest, 245,) the Legislatur e say, “ the original process, in certain enumerated cases, *65 shall be a writ of summons, (provided, however, under certain circumstances, a capias ad respondendum may issue,”) and then, in the succeeding section, (Digest, 246.) gives the capias, under another given set of circumstances; and with respect to the summons, prescribes the manner of service, which is, by reading the writ and declaration, and with respect to the capias, hy arresting the body, &c., in both of which cases, the writ is to be endorsed on the declaration, and not barely to accompany it j but it seems, the latter would suffice. The statute then requires the Sheriff to return the writ into Court, hut says nothing about returning the declaration, yet it must be intended that he shall return both; when these writs are returned executed, the defendant is then in Court, or, as if he were in Court, (see Digest, 248.) A subsequent provision of the statute requires every person, suing out of the Clerk’s office an original .writ, to file a declaration or statement in writing, containing the tine nature of his demand or complaint; and then it says, “ on presenting such declaration, petition or. statement, in the Clerk’s office, it shall be the duty of the Clerks to endorse thereon an order to the Sheriff) in the nature of a capias or summons, according to the nature of the demand or complaint, according to the provisions of the act,” and says, the writ shall be executed fifteen days before the term to which it is returnable.
Here it is to be remarked, that when the statute speaks of the declaration, it requires the true nature of the demand or complaint to he stated; and when addressing itself to the Clerk, it requires the nature of the demand should be contained in the writ. Thus it is evident, that in that stage of the proceedings, a declaration in debt, and a writ in covenant or case, would not follow each other, as required by the statute; but'it is said here, that the writ is no part of the record. The law is otherwise, and it seems to be the better opinion, that in every'case of error brought to this Court, unlesss founded on some special proceeding, or a variance is shown, the record ought to show a good original capias or summons, as given and provided for by this judicial act. Whether the Court below should give oyer of the writ, or consider it open at all times, and a part of the record, is not now necessary to decide.
I entirely, at present, waive a discussion of the question, whether our original is most like the original or mesne process of the common law? Here, suffice it to say, our statute gives us an original writ, declares its use, and prescribes the coincidence and agreement which shall subsist between it and the count. We find the properties of our capias and summons to be, first, to give the defendant notice or bring him into Court; second, it must correspond with the declaration in the nature of the demand. How far this correspondence, as to the nature of the demand, could be varied, is not now intended to he decided; but there can be no doubt, that if the point should be made in the Circuit Court, as to the effect of variance, it would be holden had by a plea in abatement in arrest of judgment, or on demurrer, as at common law, before the right to oyer was refused by rule of Court. But it is urged that a variance between the original and count would be bad on error. That may be true; it might be so here,'if the case came up unfettered as at common law. It is said here there are two counts, and so a misjoinder. If there are two counts, it would be a mis-joinder, and had on demurrer or motion in arrest of judgment. In this case leave was obtained to-file an amended declaration, which is done accordingly, says the record. In the case decided at St. Charles, Collier v. Wheldon and wife, the point came up thus: it was a case of petition fpr dower, and the record says, «leave is given to amend,” without saying who obtained the leave, or what was to be amended, *66 or when the amendment was to be made. In vacation a new petition was filed, and the question was, whether the old one was withdrawn, and whether the new one was any part of the record, no notice having been taken of it, only marked filed by the Clerk. Under those circumstances, the Court said in that case the issue was taken upon the first petition, and the plaintiff attempted at no time to abandon- that and substitute the second in lieu of it. This could not be done but in express terms, and even then a rule to plead de novo ought to be given, as far as respects the rule to jilead de novo. However it might he, by the ■ English practice, the practice in this State has not been to require a rule to plead de novo j but at any rate the Court in that case, speaking of the case itself, were not wrong when they said, to an amended declaration, filed in vacation as that was, the other party was not bound to plead thereto unless ruled or ordered to do so. Thus far the subject has been attended to, with a view of giving some idea of the quality of our writ. We will now atténd to another part of this case. After the parties in this case were properly in Court, and the writ and count agreeing perfectly well so far, we then see the plaintiff ask for and obtain leave to file an amended declaration, “ which is done,” says the record, and the amended declaration is in assumpsit. It is not material to inquire if the old declaration was withdrawn, as this case must be governed by another principle; but the amended declaration is variant from the writ and former count in the form of the actions, and not the nature of the demand. To this declaration the defendants at no time make any sort of objection, but permit it to he Sled, permit the term to pass, and another term elapses, entirely, before they see any objection to it. After judgment is rendered in the case, they bring their writ of errorthey say the amended declaration was a new action, of which they had no notice. This is not true, for they were in Court in legal contemplation, at the very time the amendment took place. They say judgment was rendered against them without any service of process in the aetion. That would be true if the amended declaration formed entirely a new action, but it does not: it is a wrong continuance of the action of debt, and when the cause was called they were in Court, in that very case, yet they said nothing, permitted the plaintiff to take judgment in case and in damages, when it ought to have been in debt and in damages. This kind ol proceeding is, by the common law, either erronepus or irregular. But the question is, whether or not the plaintiffs in this Court shall not be holden to have waived all objections'? If it were purely an irregularity, a writ of error will not lie to correct it. This Court is estopped from interfering. If the defendant thought he was likely to be prejudiced by the variation, why did he not object at the lime of filing the amended declaration, or after, or at the time the cause was called ? or why did he not move in arrest of judgment ? or why did he not move to set the proceedings aside for irregularity ? He waived all these advantages and now seeks to reverse the judgment.
The act of the Legislature of July 3d, 1807, says, “ on an appeal or writ of error, before the General Court, no exception shall he taken to the proceedings at law in the Court below, hut such as have been expressly decided on by the Inferior Court.” By this statute the Legislature clearly intend that there are two modes of deciding on the proceeding in the Court below; one by express decision and the other by implied decision; and again, the act of the General Assembly of this State, regulating proceedings in the Supreme Court, (section 15,) says, that on an appeal or writ of error, tile Supreme Court shall take no exceptions to the proceedings in the Court of Chancery, or Circuit Courts, hut such as have been there expressly decided on. *67 These statutes should he understood in some reasonable manner, and if made for public good, should receive a liberal construction; but whether the construction is liberal or strict, in this case, it will make no difference; what is an express decision is of no difficulty, when we see the point was made in the Court below. When there is a demurrer, and it is sustained or overruled, there can be no difficulty; when leave is given to file a plea, and it is done, there, unless it appears an objection was made, and decided one way or the other, it will be an express decision, otherwise not. But this does not apply to the rendition of the judgment itself; thus, if the body of the judgment be defective in form or substance, it would nevertheless be viewed as an express decision; but even then it would be amenable or not, as the defect might-be an error in that judgment, in point of law, or only a misprison of the Clerk. In this case the defendant made no objection to the proceedings against him, but lay by; made no complaint then of injustice being done. If he had objected then, there is no doubt the fault he now complains of would have been corrected.
It is a principle of general justice, that the party against whom irregularity or error is committed, or about to be committed, shall make his objections known as early as possible, and if he does not he should be estopped to say he is injured. This is what good faith requires; and pursuing this principle the common law will not permit any thing to be assigned for error, which might have been pleaded in abatement, (see Bacon, on Error, letter K, fig. 5;) and there are many things at common law that would be considered as waived, for want of being taken advantage of in due time.
The statute of this State, pursuing that same principle of reciprocal justice, has forbidden this Court from taking any exception but such as was expressly decided on in the Court below. In this case, the judgment itselt is well enough, both in substance and form, and the defect precedes the judgment; upon which defect the Court made no decision of an express nature. It would have been folly for the Court to have objected to the vaiiance, when the defendant was competent and in a situation to object for himself, and to waive the defect also. The conclusion is irresistible, that the case before the Court is saved by the statute, and that the Court must consider the objection made too late, and in a wrong place.
As to the objection that the writ was against four, and judgment against two only, I think it is cured by the statute respecting joint and several contracts, (see Digest, 241.)
Let the judgment, therefore, be affirmed with costs.