## WATSON vs. WALSH & PATTERSON.

1. A declaration containing two counts, one upon a note and the other the common count for money had and received, is not triable at the return term. A motion to continue such case is improper, and it is no error in the court to overrule it.

2. If the party, after such motion is overruled, go into the trial of the cause, and take no exceptions to the trial, the judgment will not be reversed.

## APPEAL from the St. Louis Circuit Court.

CASSELBERRY, *for Appellant, insists:*

The only point to be considered is, whether the court below erred or not in refusing to grant the continuance asked for by Watson, at the return term of the writ. We think that the *refusal* to grant the continuance was erroneous.

GAMBLE & BATES, *for Appellees, insist:*

1. The defendant was not entitled, as to a mere legal right, to a continuance. No statute gives him that right. The 2nd section of the 4th article of the Law of Practice provides for the continuance of such cases *only* as "shall not be otherwise disposed of according to law." R. C., p. 816.

2. Supposing the case entitled to continuance by the *mere force of law*, then the court (without any volunteer and irregular motion of the defendant) would continue it, in due time and manner, when it came up for disposition, in the ordinary calls of the docket.

3. The defendant's motion for a continuance was premature and out of time. He had just amended his own pleadings in a material matter, and the plaintiff had a right, "according to the course and practice of the court, to answer the pleading so amended." R. C., p. 826, sec. 2.

The plaintiff might insist upon the legal and accustomed time to consider of the amended pleadings, and reply, or demur, or move to strike out.

4. The defendant's motion was not only premature, but was irregular and wholly void; for, although the *court*, by mere force of statute, may continue a cause, in its own time and manner, yet *every* application *by a party* for the continuance of a cause shall be accompanied by his affidavit, or the affidavit of some other creditable person, "setting forth the facts upon which the application is founded." R. C., 817, sec. 4. Besides, in Scogin vs. Hudspeth, 3 Mo. R., 124, this Court says "motions for a continuance are addressed to the sound discretion of the Circuit Court, and *this Court* must see that its discretion has been exercised unsoundly before it will reverse a judgment for that cause." Nothing appears in this cause to show that the Circuit Court abused or unsoundly used its discretion.

But, 5. Supposing the defendant really entitled to a continuance, if he had claimed it in proper time and manner, still he was waived all objections by voluntarily going into trial of his cause, when called in its order, nearly four months after his motion, (23rd March.) He then made no objection to trial—waived a jury, and set up no defence.

This is in substance a withdrawal of the former claim of continuance. This Court has sustain-

ed my doctrine in a much stronger case, viz: Defendant demurred to the declaration, no judgment on the demurrer, but afterwards the defendant filed a plea; plaintiff took issue, and on that state of the record this Court *presumed* that the defendant had withdrawn his demurrer.  6 Mo. Rep. 174, Sweeny vs. Milling.

Scott, J., *delivered the opinion of the Court.*

The appellant was sued by the appellees in the St. Louis Circuit Court in assumpsit.   The declaration contained two counts, one on a promissory note and one on a count for money had and received.   The writ was served on the appellant personally, more than twenty days before the beginning of the return term.   There was no profert made in the declaration of the note sued on, in consequence of which there was a demurrer to the count on the note, which was sustained.   An issue was made up on the second count, and the appellee applied for a continuance, which was refused, and judgment was rendered against him at the return term of the writ.   The application for the continuance was made on the 2nd December, 1845, and the trial, which was by submission, did not take place until the 23rd March following.

The 7th section of the act regulating the proceeding by petition in debt enacts, that in all common law actions of debt and actions of assumpsit, founded on bonds, bills or notes, in the Circuit Court, the defendant, if he shall have been personally served with process twenty days before the return day thereof, shall plead to the merits of the action on or before the second day of the term, and that a trial shall be had at such term unless the suit is continued for good cause.

The declaration contained two counts, one on a note and one on a common count.   As there could be but one final judgment in the cause, and as the appellees joined a cause of action, in which the appellant was entitled to a continuance with the count on the note, it is clear they were not entitled to a trial at the return term.   It was not in their power to take from the appellee a right to a delay until the second term of the trial of the cause of action contained in the second count, by joining with it in the declaration a cause of action triable at the first term.   The appellant cannot be presumed to know that the same cause of action was stated in both counts; and if even it were so, yet as it was unknown to him on which the appellees would proceed, he was entitled to a continuance.

There was no necessity for an application for a continuance.   The cause was continued by operation of law.   The court properly overruled

the motion. As there was no objection made to the subsequent proceedings on account of their irregularity, and as the error of the court below was not sought to be corrected by motion, the other Judges concurring, the judgment will be affirmed.