DOAN *et al.*, Defendants in Error, v. HOLLY & WALKER, Plaintiffs in Error.

1. It is improper to join in the same petition a cause of action against A. and B. with one against B. alone.
2. An interlocutory judgment rendered at the return term of a cause, in an action not founded on a bond, bill or note for the direct payment of money or property, can not be proceeded on to final judgment at such return term;

if, however, such interlocutory judgment be rendered at a term succeeding the return term, it may be proceeded on to final judgment at the term at which it is rendered. Section 11 of article 12 of the act concerning practice (R. C. 1855, p. 1280) relates only to the disposition of causes at the return terms.*

8. An action to foreclose a mortgage given to secure a promissory note is not an action founded on a bond, bill or note within section 11 of article 12 of the act regulating practice in civil cases (R. C. 1855, p. 1280); consequently an interlocutory judgment by default rendered therein at the return term can not be proceeded on to final judgment at such return term; an interlocutory judgment by default, rendered at a term succeeding the return term, may be proceeded on to final judgment at the same term at which the default is taken.

*Error to Andrew Circuit Court.*

This was a suit on a promissory note for $5,532.03 executed by defendants, Henry T. Walker and Charles F. Holly, and also to foreclose a mortgage executed in behalf of plaintiffs—the members of the firm of Doan, King & Co., the payees of the note—by Holly, one of the makers. At the April term, 1857, of the court—the return term—final judgment was rendered against defendants. This judgment was reversed at the July term, 1857, of the Supreme Court. (See report of case, 25 Mo. 357.) At the October term of the Andrew circuit court, the defendants having failed to answer, judgment by default was rendered against the defendants.

*Loan*, for plaintiff in error.

*A. H. Vories*, for defendants in error.

Scott, Judge, delivered the opinion of the court.

This case is reported in 25 Mo. 357. When here it was reversed for reasons stated in the opinion. The cause is again here with the errors in the proceedings for which there was heretofore a reversal of the judgment.

It is now made a ground for the reversal of the judgment that the action not being founded upon a bond, bill or note

* See section 25 of "an act to establish a land court in St. Louis county and for other purposes," (R. C. 1855, p. 1595.)—[Rep.

for the direct payment of money or property, a judgment by default could not be proceeded on to final judgment at the term during which it was taken. (Sec. 11, art. 12, R. C. 1855, p. 1280.) The judgment in this case was reversed for the reason that there was ·a misjoinder of action. It was both a suit on a note and a suit for the foreclosure of a mortgage, with not the same parties to both suits. A proceeding to foreclose a mortgage is not one of those actions in which the law contemplates that a judgment by default should be proceeded with to final judgment at the return term. It has been holden that where an action, which can be tried at the return term, is joined with an action which can only be tried at the second term, the trial of neither cause of action can be had at the first term. (Watson v. Walsh & Patterson, 10 Mo. 454.) When this cause was here at the last term, it was not necessary to determine whether the judgment by default could be proceeded with to final judgment, as the time had elapsed within which that objection could be made. The section, to which there has been a reference, relates only to a disposition of causes at the return term. In some cases final judgments are to be had at that term; in others final judgment can not be taken earlier than the term next after the return term. The statute did not intend to interfere with judgments by default taken at any other time than during the return term. The bare reading of the sections in relation to this matter is enough to satisfy one that such is its object. It is designed to restore in some measure the practice, which prevailed in this state before the act of 1849, of making the term next succeeding the return term the trial term in all other actions than those founded on bonds and notes for the direct payment of money or property. As by the present practice a plea or answer must be verified, and as there were cases in which no just defence existed to the action, and it was nevertheless deemed politic by the legislature that some indulgence should be extended to the defendants in such cases, they were permitted to let a judgment·by default go against them at the return term, as they could not swear to

a defence; and the indulgence is then obtained by postponing the maturing of the default into a final judgment until the next succeeding term. Defaults taken at any other term are not within the reason of the law. In the cases within the purview of the statute the law is satisfied if a final judgment is not rendered against the defendant at the return term. If it is rendered at any other term the statute interposes no delay in ripening it into a final judgment, as the defendant has had an indulgence of one term, which is all the law designed, and it matters not how that indulgence was obtained. It is sufficient that the party has had it.

Judge Napton concurring, the judgment will be reversed and remanded.

RICHARDSON, Judge. I am in favor of reversing the judgment, but I do not concur in the construction which the majority of the court has given to the 11th section of article 12 of the practice act. (R. C. 1855, p. 1280.)