MORP, Defendant in Error, v. BURRIS, Plaintiff in Error.

1. An action on promissory notes given for the purchase money of real estate, also to subject the land to their payment, is not such an action, within the meaning of the statute, (R. C. 1855, p. 1280, § 11,) as that interlocutory judgment by default rendered therein at the return term should be pro. ceeded on to final judgment at such return term. (Affirming Doan v- Holly, 26 Mo. 186.)

*Error to Clay Circuit Court.*

*Hovey*, for plaintiff in error.

I. This was a proceeding in equity, and no final judgment could be rendered therein at the appearance term. The defendant had a right to plead at any time before the end of the sixth day, there being no order to plead sooner. (R. C. 1855, p. 1259, § 5; p. 1230, § 5.)

II. Though this suit is partly upon a note, yet seeking lien upon specific property, the respondent is not entitled to concurrent judgment with those creditors who sue upon notes to the same term. Because he takes special property exclusively, and also has general execution, equal in priority with other creditors upon all of defendant's other property.

EWING, Judge, delivered the opinion of the court.

This was an action on several promissory notes given for the purchase money of real estate, and also to subject the land to their payment. There being no defence to the action, judgment by default was rendered which was made final at

the same, being the return term. The defendant filed his motion in arrest of judgment on the ground that the proceeding being to enforce the vendor's lien, there could be no final judgment at the appearance term.

In Doan v. Holly, 26 Mo. 188, it was decided that where the suit was on a note for the direct payment of money, and also to foreclose a mortgage, final judgment was improperly taken at the return term. We see no such difference between this case and that, such as to warrant a different practice. The situation of the plaintiff, who is the vendor retaining the legal title, in respect to the real estate in question, is analagous to that of a mortgagee, and the rights and remedies of both are similar.

Judgment reversed and the cause remanded ; Judge Napton concurring. Judge Scott absent.