MURRAY v. PURDY *et al.*, *Appellants.*

**Administrator's Sale:** EFFECT OF APPROVAL OUT OF TIME. An order of a county or probate court approving a sale of real estate by an administrator, when made at a term different from that prescribed by law, is not void, but voidable only. (*Speck v. Wohlien*, 22 *Mo.* 310; *Strouse v. Drennan*, 41 *Mo.* 289; *Mitchell v. Bliss*, 47 *Mo.* 354, *criticised*).

*Appeal from Audrain Circuit Court.*—HON. GILCHRIST POR-TER, Judge.

A petition was filed, in the county court of Audrain county, asking for an order approving a sale of real estate for the payment of debts made by an administrator, and directing his successor, one of the appellants, to make a deed to the purchaser, the respondent, and setting forth the facts, stated in the opinion of the court. The proceedings were certified to the circuit court, on account of the interest of the judge of the probate court in the matter in controversy, and, upon the hearing of the case, the circuit court made an order approving the sale, and directing the acting administrator to make to the respondent a deed. From this order the case was brought to this court by appeal.

*Craddock & Musick* for appellants.

1. The statute, Chap. 122, Sec. 36, Gen. Stat. 1865, provides when a purchaser may bring in the successor of the administrator making the sale, and have him to make a deed by order of court. It is when the sale has been

made, and the purchase money has been paid, and the administrator has removed from the State, resigned or had his letters revoked without or before making a deed. But in the case at bar, the officer who made the sale did make a deed, which the parties in interest now think defective, because the report of sale was not made and approved at the next term of the court, but at an adjourned term of the present court. *Castleman v. Relfe*, 50 Mo. 583: *State to the use of Perry v. Towl*, 48 Mo. 148.

2. The case at bar differs from *McVey v. McVey*, 51 Mo. 406, in this, that it is not the officer who made the sale, nor yet his successor, who prays permission to refile the report of sale and have it approved, but the purchaser who attempts to bring in the successor and cause him to make a deed after the court shall have approved the report filed by his predecessor. In the McVey case, the court was only asked to approve the report; in this, it is also asked that the present administrator be required to make a deed; in that case the court did what it was authorized by statute to do, and the only question was, as to whether it was out of time in doing it; in this, the court has attempted to do what it is nowhere authorized by statute to do, and which, therefore, can only be done in the exercise of chancery jurisdiction, which the probate court does not possess. *Speck v. Wohlien*, 22 Mo. 310; *Coil v. Pitman*, 46 Mo. 51.

3. Even courts of equity will not aid the defective execution of statutory powers. *Wilcox v. Emerson*, 10 R. I., 270, (14 Am. Rep., 683.); *Ware v. Johnson*, 55 Mo. 500; *Schwickerath v. Cooksey*, 53 Mo. 75; *Hubble v. Vaughan*, 42 Mo. 138; *Valle v. Fleming*, 19 Mo. 454; *Moreau v. Detchemendy*, 18 Mo. 522; *Allen v. Moss*, 27 Mo. 354; *Moreau v. Branham*, 27 Mo. 351; *Mitchell v. Bliss*, 47 Mo. 353.

*G. B. McFarlane* and *S. M. Edwards* for respondent.

1. The purchaser, and no one else, should petition.

The proceeding is not an attempt on the part of the probate court to exercise chancery powers; nor is it an attempt to aid the defective execution of a power, but is an execution of a power expressly given by the statute.   Wag. Stat., p. 98, Sec. 36.

2.   The order of the court approving the sale, at the special term, held in July, 1865, and the deed of Duncan thereunder, were wholly unauthorized and void, the record showing no appearance of those interested.   *Speck v. Wohlien*, 22 Mo. 310; *Strouse v. Drennan*, 41 Mo. 289; *Mitchell v. Bliss*, 47 Mo. 353.   If Duncan were still the administrator, another report and deed could be made by him.  *McVey v. McVey*, 51 Mo. 406.   His successor, therefore, is the party to make the deed.   No authority is given anyone else.

NAPTON, J.—This suit was brought upon the theory adopted by this court in *McVey v. McVey*, 51 Mo. 406, and the only observable difference between the two cases is, that the plaintiff in this case was the purchaser, and the sale was by an administrator and the defendant is the administrator, or rather the successor of the administrator who made the original sale, and in the McVey case, the sale was by a guardian, and the report of the sale was made at an adjourned term of the court—the sale having been ordered about a month before at the same term of the court.   In the present case, the administrator made application to sell the real estate, accompanied with a full statement of the condition of the estate, and the notice required by the statute was published, and the order of sale was made.   The appraisement by three disinterested householders was made, the notice of the sale four weeks before was duly published, the sale was a public one, and the land was sold for its appraised value, or a little more. This was at the February term of the county court, 1865. The next term of this court was by law fixed for the first Monday in May.   On the 17th of March, 1865, the ordi-

nance "providing for the vacating certain civil offices in the State, filling the same anew, and protecting the citizens from injury and harrassment," was adopted by the convention, which vacated the offices of the judges of the county court on the 1st day of May. The consequence was, that no court was held on the 1st Monday in May, but about the middle of that month the judges appointed by the Governor, held a special term of the court, during which, in July, the administrator made his report of sale, which was approved, and he executed on the 24th of July, a deed to the purchaser, reciting all the above facts.

The case of *Speck v. Wohlien*, 22 Mo. 310, was a bill in equity for the specific performance of an administrator's sale of real estate by a deed, and the court refused to compel the administrator to convey. In that case there was an approval of the sale, but not made at the term required by law, and no deed had been made. Judge Scott observed, referring to the previous decision in *Fry v. Kimball*, that "it was one thing to sustain an ancient deed, on which the rights of property repose against objections which may be urged for its overthrow; and another thing to make a deed or pass a title, when the same objections are urged, as a reason why the deed should not be executed, or the title pass, in the first instance. Deeds are sustained every day against objections, which, if they had been urged as a reason why the deed should not have been executed, would have prevailed." Again, "Had the approval been made at the term required by law, there might have been some weight in the proposition, that it could not be questioned collaterally. The party affected could then have taken his appeal. But the objection here, is, that the approval was made at a time when he was not in court and not required to be there; and as the appeal must be taken at the term at which the approval was made, the party not having notice and not being present could not take his appeal." * * "In suggesting these considerations respecting the approval, as it now stands before us for our sanction,

prospectively we do not wish to be understood as express-ing our opinion as to such approval, already acted upon and consummated in a deed. As before observed the dis-tinction between the cases is glaring." In *Valle et al, v. Fleming et al,* 19 Mo. 454, there was no publication of no-tice as required by the statute, and no approval by the court of the sale. In regard to this last objection, Judge Scott observes: " So far as the court was concerned, the approval would seem to be the crowning act of the sale. It is not maintained that it should be *in totidem verbis,* but the sanction of the court to the proceedings should, in some way, appear; otherwise, the sole condition on which the law imparts any validity to them is not complied with. An order directing the administrator to make to the pur-chaser a deed, would be an implied sanction of his pro-ceedings." In *Strouse v. Drennan,* 41 Mo. 294, there was no appraisement, the report of sale was made on the same day the sale occurred, and the deed made by the guardian contained none of the statutory recitals, and conveyed no title. In regard to the necessity of an appraisement, Judge Wagner observed: " This is an absolute requirement of the law, and it should be obeyed even if the reason of it was not plainly perceived. But it was enacted for good and substantial reasons: It furnishes evidence to enlighten the judgment of the court in the approval or rejection of the sale.   *   *   The report was confirmed at the term at which the sale was made; in fact, on the very day of the sale. The court had no authority to proceed to act in the premises at that term, no more than a court would be authorized to render final judgment at the return term of a writ, when the law declares that it could only be rendered at the second term." In *Mitchell v. Bliss,* 47 Mo. 354, the sale was by an administrator, and was reported and approved at the same term of the court. The court held the sale void, Judge Bliss observing that " the sale was irregular; the express requirement of the statute was disregarded—a requirement that has always been held by

us to be a material one, and essential to the validity of the sale." These are the leading cases relied on to establish the doctrine that in administration sales and guardian sales under our statutes, a report of the sale, not made at the term the statute requires, is an irregularity which renders the judgment of approval, and the deed following it absolutely void.

This rule undoubtedly is an exception to the general doctrine of this and other courts in regard to mere irregularities in the time of entering judgments. In *Doan v. Holly*, (27 Mo. 256), it was held that when a judgment is irregularly rendered against the provision of a statute, or the rules of court, the party against whom it is rendered may have it set aside. In *Branstetter v. Rives*, (34 Mo. 318), a judgment by default was taken before the time allowed by law to answer. The court held it an irregularity, which could be corrected at any time within three years, in accordance with the 26th Sec. of Art. 13 of the practice act.

Judge Bay observes that " the judgment is not a void judgment, for the court had undoubted jurisdiction of the parties as well as the subject matter of the suit; but it is an irregular judgment, entered in advance of the time provided by law." In Tidd's Practice, 512, (referred to in that case), the following definition is given of irregularities in judicial proceedings: " An irregularity may be defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unreasonable time, or improper manner. A judgment by default is irregular when the defendant, in an action not bailable, has not been served with a copy of process, or there has been no declaration regularly delivered or filed, and notice thereof given to defendant; or when it is required before defendant's appearance, or without entering a rule to plead, or demanding a plea when necessary before the time for pleading has

expired, or after a plea has been regularly delivered or filed."

In *Lawther v. Agee*, (34 Mo. 373), there was an interlocutory judgment taken and a final judgment at the same term, in a suit that was not founded on a note for the direct payment of money. The court said: " This was an irregularity which entitles the defendant to have the judgment set aside, by motion in the court below. It is not a void judgment, but an irregular judgment, and the remedy of the defendants was to move to set it aside." The same doctrine is announced by this court in *Watson v. Walsh*, (10 Mo. 454), and in *Hawley v. Holmes*, (1 Mo. 84), and *Harkness, Admr. v. Dysart*, (36 Mo. 47.) It appears that the position taken in *Strouse v. Drennan*, and *Mitchell v. Bliss*, is based upon a very guarded and qualified observation of Judge Scott, in a case where no deed had been made, and where the court was asked to compel the administrator to make a deed; a very different case, as was observed in the same opinion, from a report consummated by a deed. The observation of Judge Scott was, as we have above quoted it, that the heirs were not in court at a term when by law it was not required to be filed, and therefore could take no appeal. But our statute, which allows judgments in any court of record (and county courts are courts of record) to be set aside for irregularity at any time within three years after the term at which the judgment is rendered, destroys the weight of the argument, if the judgment of approval at an improper term is a mere irregularity. That it was so, the definition of Tidd and the cases cited from our reports clearly establish, and indeed it is so stated in the opinion in *Mitchell v. Bliss*, though declared to be a fatal irregularity.

It is by no means clear, in the present case, that the administrator did not substantially, and literally comply with the statute. The 20th section of the 4th article concerning courts, required an advertisement of a special term to be set up in five public places in the county, at

least five days before the commencement of such term; and the nature of the business to be transacted at a special term, is not limited or in any wise restricted. The parties interested could hardly fail to know, under the peculiar circumstances, the causes of the lapse of the regular term, and the substitution of the special term in its place. But, however this may be, we do not base our opinion on the particular facts in this case, but upon the ground that such approvals, out of time, are not void judgments, but voidable. I do not favor the disturbance of any opinion of this court which tends to the security of vested interests. The facts desclosed in the case of *McVey v. McVey*, (51 Mo. 406), and *Perry v. Towl,* (48 Mo. 148), and *Castleman v. Relfe*, (50 Mo. 586), and the present case, however, do not indicate that an adherence to the opinions referred to on the point we have briefly considered, would have such a conservative effect upon titles as to induce an acquiescence in them, contrary to our settled convictions. On the contrary, their tendency has been to encourage heirs to estates thus sold for a fair price to lie by until circumstances have materially enhanced their value, and then avail themselves of the irregularity, to deprive *bone fide* purchasers of lands for which they have paid full value. The judgment in this case was for the right party, and will therefore be affirmed. All the judges concur.

AFFIRMED.