W. A. WARD ET AL., Respondents, v. M. E. SHERMAN ET AL., Appellants.

St. Louis Court of Appeals, January 19, 1886.

1. PLEADING—PRACTICE.—In counties having a population of 40,000 or less, the defendant, when sued upon an obligation for the direct payment of money or property, has two days within which to plead, and when sued upon another cause of action, has six days, if, in either case, the term lasts so long.

2. ——— HEIRS.—In a suit upon a note, against a maker's heirs, the sole object of which is to subject the property descended to them, as such heirs, to the lien of the debt, and in which a personal judgment is not sought, the defendants have six days within which to plead.

3. ——— JUDGMENTS—DEFAULT.—A judgment rendered by default on the third day of the term, in such a case, is unwarranted by law, it being shown that the term lasted longer than three days.

APPEAL from the Mississippi County Circuit Court, J. D. FOSTER, Judge.

*Reversed and remanded.*

J. J. RUSSELL, for the appellants: If only a contract or an obligation, the defendants had six days to plead, and final judgment rendered at the return term was error. *First Nat. Bank v. Marlow*, 71 Mo. 618. The note of a married woman, if genuine, is only evidence of her intention to bind her separate estate, and is fitly called an "engagement" or an "obligation." And if she had no separate estate it was void. *Williams v. Jensen*, 75 Mo. 681; *Boatmen's Sav. Bank v. Collins*, 75 Mo. 281. Therefore, it is not a declaration upon a promissory note; therefore, defendants had six days to plead, and final judgment at the return term was error. *Smith v. Best*, 42 Mo. 185. Even if a suit is founded upon a promissory note, if equitable powers are invoked, in addition to the judgment upon the note, the defendant

will be allowed six days in which to plead. *Doan v. Holly*, 26 Mo. 186 ; *Cummings v. Brown*, 31 Mo. 309.

Lewis Brown, for the respondents : The note is plaintiffs' cause of action, and defendants must answer or demur on or before the second day of the term. *Farrington v. McDonald*, 28 Mo. 581.

Rombauer, J., delivered the opinion of the court.

In all counties having 40,000 inhabitants, or less than that number, every defendant duly summoned is required to plead to the petition within the following time : if the action is founded upon any bond, bill of exchange, or promissory note, for the direct payment of money or property, on or before the second day of the term if it continues so long. In all other cases, on or before the sixth day of the term at which he is required to appear, if the term shall so long continue. Rev. Stat., sect. 3514.

In the present action, which was brought in a county having less than 40,000 inhabitants, the defendants were duly summoned to answer the plaintiffs' petition, which sought to subject real estate inherited by them from their mother, who died in 1884, to the lien of a promissory note executed by her in 1875. On the third day of the term, the defendants having failed to plead, the court rendered an interlocutory and final decree against them, and ordered the real estate to be sold to satisfy the plaintiffs' demand.

On the fourth day of the term the defendants moved for a new trial, accompanied with an offer to file their verified answer, which set up a meritorious defence. The court overruled this motion, and a subsequent motion in arrest of judgment, and the defendants appealed. The errors complained of are, that the judgment was unwarranted by law, because rendered before the defendants' statutory right to plead had expired; that the decree is illegal in other respects, and that

the petition fails to state facts sufficient to constitute a cause of action.

The decree was unquestionably premature and irregular. This is not an action founded upon a note within the meaning of the statute, and the defendants had six days within which to plead. *Doan v. Holly*, 26 Mo. 186; *Morp v. Burris*, 31 Mo. 308.

It is contended by the respondents that the relief sought is not a vital portion of the petition, because under our practice, the court may grant the plaintiff any relief to which he may be entitled upon the facts stated therein. This is unquestionably true, but can not vary the result. The relief sought and obtained in this case is not only an essential part of the judgment, but the only aim of the petition.

It is not pretended that a personal judgment could have been rendered against either of the defendants for the amount of the note or any part thereof.

In view of a re-trial of the case we will suggest that the petition is defective in not averring that Virginia E. Ward was a married woman at the date of the execution of the note, and as such possessed of separate property, which she intended to, and could, charge with a lien for its payment. Also, that Gertrude Ward is a necessary party defendant.

The judgment is reversed and the cause remanded. The defendants should be permitted to plead. All the judges concur.