PAYNE v. COLLIER.

PAYNE v. COLLIER & PETTUS.

1. The judgment of the circuit court will not be reversed on account of a mere irregularity, by which, the party complaining, has sustained no injury.

2. It is a sufficient compliance with the 8th sect. of the act regulating "Practice at law," (R. C. 1835, p. 451,) if the original writ requires the def't. to appear before the "judge of the circuit court," &c. to answer the "demand," &c., instead of, to appear before the "circuit court," &c., to answer the "complaint" &c.

*Mullanphy for Plaintiff in error.*

The first error assigned is general.

The second error assigned is the circuit court's giving judgment, as by default, for want of a plea, whilst a motion to quash writ was pending and undetermined, need not be farther noticed than by saying, that altho' the circuit court does not consider a motion as equivalent to a plea for the purpose of staying proceedings until such motion be decided, it is presumable that such doctrine will scarcely be affirmed, or deemed a matter of doubtful disposition.

The third error assigned is the overruling motion to quash writ. This depends upon the sufficiency of the writ. That sufficiency will be determined by a comparison of the writ with the requirements of the sec. 8, art. 1, Practice at law, statutes of Missouri, page 451, which ordains that "the "original writ, in all cases where it is not otherwise provi- "ded by law, shall command the officer to summons the de- "fendant to *appear in court* on the return day of the writ, "and at a place to be specified in such writ, to answer the "*complaint* of the plaintiff." The words of the law are absolute and imperative. No discretion is left to the officer to change the command of the writ. In this case the writ does not command the plaintiff to *appear in court*, but to appear before the *Judge* of the circuit court; (*non constat* but what it might be at chambers;). The writ continues, "to answer unto George Collier of his *demand*," not to answer the *complaint* of the plaintiff. Independently of the above objections, the petition is addressed to the *St. Louis circuit*, and not to any court at all. Could any writ issue upon such a petition?

Payne
vs,
Collier.

*Spalding and Tiffany for Def't in error.*

The only point in the case, so far as I know, is, whether the *court erred in refusing to quash the writ.* Rev. Code p. 449, also page 451 section 8. 3 Mo. Rep. 38. 2 do. 211. 4 do. 438.

*Opinion of the Court delivered by M'Girk Judge.*

The above cases are alike in every particular, except in the last case Collier and Pettus were joint plaintiffs, and in the first case Collier alone was the plaintiff. One opinion will dispose of both cases.

Collier brought his action under the petition and summons statute. The statute gives a defendant the three first days of the term to appear and file his plea. Before the three days expired, the defendant, Payne, appeared and made a motion to quash the plaintiffs writ for the following reasons, to wit: 1st. The writ does not require the defendant to answer any action known to the law. 2nd. Same in substance as the first. 3rd. The same. 4th. The writ is not such as the law contemplates. 5th. The writ is informal, &c.

This motion was filed but no farther notice was taken of it till after the two days for pleading had expired. When the time for pleading had expired the plaintiff took judgment by default for want of a plea, without taking any notice of the motion, after the judgment by default was rendered, the defendants motion to quash came on to be heard and was over ruled.

The judgment of the circuit court will not be reversed on account of a mere irregularity, by which, the party complaining, has sustained no injury.

It is assigned for error, that the court gave judgment by default against the defendant while he was by law in court and while his motion to quash was pending. As to this matter of error, my opinion is, that the judgment by default, at most, was only an irregularity. That a mere irregularity is not the subject of error, has been often declared by this court, particularly it has been so decided in the case of Holmes and Elliott vs. Carr et al.

It has been assigned for error that the writ was not quashed on the defendants motion. I will not now enquire into the question what would have been the effect of quashing this writ, after judgment by default, inasmuch as I am of

MAY TERM
1840.

Payne
vs.
Collier.

opinion that the defect here complained of, was a proper case for a demurrer to the writ, or petition, rather than a motion to quash. The writ requires the defendant to appear before the judge of the circuit court, at the next term, to be holden &c., to answer the plaintiffs demand, instead of saying to answer his, the plaintiffs, complaint, as the statute says. Demand and complaint are, for all useful purposes, about of the same import. The words used, instead of those given by the statute, could not in any way injure or mislead the defendant; and as he was not deceived, misled nor injured, my opinion is, the court did right in refusing to quash the writ on that account.

The writ requires the party to appear before the judge of the circuit court, at the next term, to be holden at St. Louis on a certain day. It is supposed a command to appear before the judge of the circuit court in term time, at the place, and at the time of holding court, is no command to appear at the court. I do not so understand it. In this case there was no possible chance for the defendant to be deceived or misled about the matter. He has not been deprived of any legal advantage, and therefore his writ ought not to have been quashed. My opinion then is that there is no error in the record. The judgments in both cases are affirmed.

*It is a sufficient compliance with the 8th sec. of the act regulating "Practice at law," (R. C. 1835, p 451,) if the original writ requires the def't to appear before the "judge of the circuit court," &c., to answer the "demand," &c.; instead of, to appear before the "circuit court" &c., to answer the "complaint" &c.*