———<o o o>———

## STACKER v. COOPER CIRCUIT COURT.

25   401
93a [1] 34

1. Where a judgment is regularly rendered, it can not be set aside at a subsequent term of the court; where however it is irregular, the court may at a subsequent term correct the irregularity.

2. After an order of reference in a cause is made, and while it is still standing unexecuted and in force, final judgment in the cause should not be rendered; if so rendered, the court may, at a subsequent term, recall the same and set it aside.

Application for a mandamus. In his application to the Supreme Court for a mandamus, the applicant, George Stacker, sets forth that he instituted a suit upon an account before a

justice of the peace against one David Andrews ; that he recovered judgment against the defendant before the justice ; that the defendant appealed to the circuit court of Cooper county ; that at the March term, 1855, of said circuit court, the cause was referred, by consent of parties, to Isaac Lionberger, and was continued for his report until the next term of said court ; that said Lionberger did not make any report at the next September term of said court in accordance with said order of reference ; that at the March term, 1856, the judgment of the justice of the peace was, on motion of plaintiff, affirmed, because the appellant (Andrews) had failed to prosecute his appeal according to law, and judgment was rendered by the circuit court against said Andrews and Jos. L. Stephens, his security in the appeal bond ; that afterwards, at the September term, 1856, the said judgment was, on motion of Andrews, set aside, and an execution issued thereon quashed ; that at the March term, 1857, of said circuit court, 1857, the plaintiff again moved the court to affirm the judgment of the justice of the peace for the reason that the appellant had failed to prosecute his appeal according to law, which motion was overruled ; that the court also overruled a motion for an order to issue an execution on the judgment rendered at the March term, 1856, and refused to order an execution to issue on said judgment. The petitioner prayed that a writ of mandamus might issue from the Supreme Court directed to the circuit court of Cooper county, commanding said court to issue an execution on the said judgment rendered in favor of plaintiff against the said Andrews at the March term, 1856, of said Cooper circuit court, or to show cause why the same has not been done by said court, and for such other and further relief, &c.

*Douglass*, for petitioner.

I. Mandamus is the proper remedy. (Boyce v. Smith, 16 Mo. 317.)

II. The appellant, David Andrews, having failed to prosecute his appeal according to law, it was the duty of the cir-

cuit court to affirm the judgment of the justice of the peace. (R. C. 1845, p. 244, § 16; Martin v. White, 11 Mo. 214; Starr v. Stewart, 18 Mo. 410.) The judgment of the circuit court affirming the judgment of the justice of the peace was a final judgment rendered at the March term, 1856, and could not be set aside at the subsequent September term. (Hill v. City of St. Louis, 20 Mo. 584; Maids v. Watson, 13 Mo. 544.) If the court, at a subsequent term, had power to set aside the judgment rendered at a former term, it could only be done upon the ground that the judgment was irregular. (R. C. 1845, p. 831, § 8.) The alleged irregularity in this case is that the judgment was affirmed without first setting aside the order of reference. But this order of reference was made at the March term, 1855, and required the referee to report at the following September term. The referee did not make any report in the time limited, because the appellant, whose duty it was under the law of 1849, which governed the case, failed to bring it up before him, and therefore the order of reference had expired by its own limitation, and it was not necessary formally to rescind it. The case was not then out on reference, and the judgment of affirmance was not rendered until one year after the order of reference was made, and six months after the order had expired. But if it was necessary to rescind such order before the judgment could be affirmed, then affirming the judgment did impliedly set aside the order of reference. (Lane v. Kingsberry, 11 Mo. 408.)

Scott, Judge, delivered the opinion of the court.

We see no ground in the present application for a writ of mandamus against the judge of the first judicial circuit. Regularly, after the term at which a final judgment is entered, it can not be affected by the court in which it is rendered. But if the judgment is irregular, such as might be recalled by writ of error *coram vobis*, then the court may on motion correct the irregularity. Here the final judgment was en-

tered when the order of reference was still in force. It will be seen by turning to the act concerning arbitrations (R. C. 1845, p. ——,) that the failure of the referees to report within the time prescribed by the order of reference does not vacate the order, or its force is not spent by the efflux of the time; but the court may by its rule compel the referees to proceed and discharge their duty.

Such a reference as was made in the case out of which this application arose, is not like an arbitration where arbitrators are by agreement selected and required to make their award within a given time. The matter resting altogether on agreement, unless the arbitrators comply with the terms of the stipulation their act can not be binding. But referees appointed by the court are, like jurors, subject to its orders; and if they fail to comply with an order of reference, the time of performance may be enlarged. After an order of reference has been made, until the order is disposed of no step can be taken in the cause towards obtaining a final judgment. It would be a surprise on a party to *non pros.* him for not prosecuting his suit when there was in existence an order for its reference. The party should either have taken steps to have the order of reference executed, or he should have moved to set it aside and have the cause placed on the docket. As the final judgment was irregularly entered, it was properly set aside. Writ refused; Judge Ryland concurring; Judge Leonard absent.