CHARLES G. HOPKINS, Respondent, *v.* MOBILION W. McGEE, Appellant.

*Practice—Default—Final Judgment.*—In actions not founded on bonds, bills, or notes, for the direct payment of money, it is error to take a final judgment at the same term with the default, whether that be the return term or not. (Doane v. Holly, 26 Mo. 187, qualified; R. C. 1855, p. 1280, § 9, 10, 11.)

*Error to Kansas City Court of Common Pleas.*

*Treferen & Ewing,* for appellant.

I. A final judgment was irregularly and improperly rendered at the time it was done. A writ of inquiry of damages

should have been returnable to a subsequent term of the court. (Prac. Act, 2 R. C., art. 12, § 10, p. 1280.)

*H. B. Bouton,* for appellee.

I. The inquiry and assessment of damages having been made at a term subsequent to the return term, and the defendant having been duly served, were properly *made,* and final judgment regularly taken at that term. (Doane et al. v. Holly et al. 26 Mo. 187.)

DRYDEN, Judge, delivered the opinion of the court.

This was a suit for the recovery of specific personal property returnable to the November term, 1861. So far as the record shows, nothing was done in the case, either at the return term or the May term, 1862, if in fact those terms were held. The defendant being in default at the November term, 1862, an interlocutory judgment was rendered against him, and at the same time the damages were assessed and the judgment made final. The defendant then appeared and moved the court to set aside the final judgment, because it was prematurely rendered; but the motion being overruled, he has appealed to this court.

The question we are required to decide is, whether in actions not founded on bonds, bills, or notes, for the direct payment of money or property, an interlocutory judgment may be taken and made final at the same term, or whether the taking of the one must not precede that of the other at least one term.

This question arose and received the consideration of this court in the case of Doane et al. v. Holly, 26 Mo. 187, where it was decided by a majority of the court, (Judge Richardson dissenting,) upon a construction of the statute, that the two judgments might be taken at the same term, provided it was not the return term.

While entertaining the profoundest respect for the learning and wisdom of the eminent judges who concurred in the opinion in that case, after a careful and considerate exam-

ination of the sections of the act bearing upon the question we are constrained to come to a conclusion opposite to theirs. We see nothing in the law to support the distinction sought to be made in that case between the return term and a succeeding term. There is no room for construction. The words of the statute are free from ambiguity, and no reason is seen for departing from their plain and obvious meaning. (R. C. 1855, § 9, 10 & 11, p. 1280.) The 9th section defines a class of cases in which, after interlocutory judgment, the judge, and not a jury, shall assess the damages ; then, sec. 10, "but in all other cases of such interlocutory judgments the plaintiff may, if he demand it, have a jury to assess his damages, and every such inquiry of damages shall be made at the term *next after the term in which such interlocutory judgment shall be rendered.*" The 11th section then, after prescribing the time when an interlocutory judgment shall be made final in actions founded on bonds, bills and notes for the direct payment of money or property, provides that "all other interlocutory judgments shall be proceeded on to final judgment at the term *next after the term in which such interlocutory judgment shall be rendered.*"

The 10th section fixes the time when the inquiry of damages shall be had, and the 11th the time when the final judgment shall be rendered ; both are required to occur at a term succeeding that of the interlocutory judgment, unaffected by the question whether the interlocutory term was or was not the return term.

The Court of Common Pleas, therefore, committed error in assessing the damages and rendering final judgment at the November term, 1862, and its said final judgment is therefore reversed, and its assessment of damages is set aside, and the cause is remanded for further proceedings, in conformity with this opinion ; the other judges concurring.