MARY E. BRANSTETTER, GUARDIAN OF THE MINOR HEIRS OF DANIEL J. BRANSTETTER, Respondent, v. BENJAMIN A. RIVES AND CHARLES A. MATKINS, Appellants.

*Appeal from Ray Circuit Court.*

*Practice—Judgment—Irregularity.*—A judgment by default taken against a defendant before the time allowed by law to answer has expired is irregular, and a motion made at a subsequent term to set aside such judgment should be sustained.

*Error—Limitations.*—The statute (R. C. 1855, Art. XIII, § 26, p. 1290) allows three years to a party in which to move to set aside a judgment of a court of record for irregularity.

*Practice—Affidavit.*—On a motion to set aside a judgment for irregularity, no affidavit of merits is necessary.

*E. B. Ewing*, for appellants.

I. Rives had the right to plead to the petition on or before the sixth day of the term, (Prac. Act, 2 R. C. 1230, § 5,) and the judgment having been rendered against him on the fourth day was irregular and should have been set aside.

II. This judgment having been irregular, it was the duty of the court to set it aside, although the motion for that purpose was not made until the succeeding term. (Stacker v. Cooper Cir. Court, 25 Mo. 401 ; *id.* 352.) This may be done within three years after such irregular judgment is rendered. (R. C. 1855, p. 1290, § 26.) If the motion to set aside be made at any time within this period, the Circuit Court cannot refuse it because of any supposed unreasonable delay in presenting it.

III. *An irregularity* in judicial proceedings is the want of adherence to some prescribed rule or mode of proceeding, and it consists either in omitting to do something that is

necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner. (1 Tidd. Prac. 512.) A judgment by default is *irregular* when it is rendered before the time for pleading is expired. (*Id.* 513.) An error is where the court, in the regular course of an action or judicial proceeding, makes a mistake of the law.

IV. Where a judgment is irregularly rendered against the provisions of a statute or the rules of court, the party against whom it is rendered is entitled to have it set aside without showing a meritorious defence to the action. (Doan et al., v. Holly, 27 Mo. 257, 258 ; 3 Chit. Prac. 543.)

When the directions of a general statute are clear and peremptory, all the courts and every judge are alike bound to give full effect to the statute, and have no discretionary power to refuse to set aside a proceeding for *irregularity* when it has deviated from a rule prescribed by the act. (3 Chit. Prac. 51.)

*Ryland & Son*, for respondent.

I. The service of the process in this case on Rives being regular and proper, according to the statute of the State, the court had jurisdiction of the whole matter, the subject of the action and of the parties thereto. The judgment, therefore, is not void, not a nullity, and, even though it be taken within the time allowed defendant to answer, cannot be set aside at any subsequent term of the court. (Ashby v. Glasgow et als., 7 Mo. 320 ; Brewer v. Dinwiddie, 25 Mo. 351.)

II. The Circuit Court of Ray county being a court of general and original jurisdiction, whenever a party defendant to a suit in said court has been served with process in the suit, the court having jurisdiction of the subject matter thereof, the service according to law of the process immediately gives to the court jurisdiction of the defendant, and a judgment rendered in such case is not a nullity, is not void, though for error it may be reversed. Where the court had cognizance of the cause, the judgment can only be erroneous; but if the court had not the jurisdiction, it is void.

(Bul. N. P. 66 ; Coleman v. McAnulty, 16 Mo. 173.) The decisions of this court, declaring certain proceedings void, when had before justices of the peace, do not apply with force to proceedings of courts of general jurisdiction.

III. The defendant not appearing at the term, nor offering to answer, nor showing any cause for failure to appear, the judgment cannot afterwards, even at the same term, be set aside, without showing good and substantial cause touching the merits of the case ; nor can the administrator, at any subsequent term, successfully move to set the same aside. (Warder v. Taintor, 4 Watts, 270, 278, and authorities there cited.)

IV. The appellant, by the record now before this court, does not pretend that any injustice has been done by the judgment of the court against Rives ; does not show that he has been deprived of the privilege of making a defence ; but contends that the single fact of the judgment being two days before the end of the time allowed him to appear and plead, is therefore a nullity. This cannot be so. (2 R. C. 1855, p. 1280, § 12, 13 et seq.)

V. In Wittenburgh v. Wittenburgh, 1 Mo. 226, it was ruled by this court that the death of the defendant being suggested on the record, the entry of a judgment against him after such suggestion is clearly erroneous. In Jeffrie v. Robideau, 3 Mo. 33, this court held that irregularity is no cause of reversal until the irregularity is brought before the court below to be acted. (Ashby v. Glasgow et als., 7 Mo. 320 ; Smith v. Ross et al., 7 Mo. 463 ; Anderson v. Brown, 9 Mo. 368 ; Doan v. Holly, 27 Mo. 256.)

BAY, Judge, delivered the opinion of the court.

The respondent, Mary E. Branstetter, brought suit in the Ray Circuit Court against Benjamin A. Rives and C. A. Matkins, on a promissory note. The process was returnable to the March term, 1862, and was served on Rives by leaving a copy of the petition and writ at his usual place of abode, with a white person of the family over the age of fifteen

years, on the fourth day of the term; and before the expiration of the time allowed by the statute to the defendants to appear and answer the petition, judgment was rendered against them. At the September term following, (Rives having in the meantime died,) John W. Shotwell, as administrator of Rives, filed a motion to set aside the judgment, for the reason that the suit being founded on a promissory note for the direct payment of money, and process not having been personally served, Rives was entitled to appear and answer on or before the sixth day of the term, and the judgment being rendered on the fourth day of the term was irregular, and out of proper time. In support of the motion, it was shown that the March term of the court lasted two weeks. The court overruled the motion, and the appellant duly excepted. On the same day the appellant filed a motion to set aside the finding of the court and for a new trial, which was also overruled, and the cause is brought here by appeal.

The judgment in this case is not a void judgment, for the court had undoubted jurisdiction of the parties, as well as the subject matter of the suit; but it is an irregular judgment, entered in advance of the time provided by law. In 2 Tidd's Prac. p. 512, an irregularity is defined to be the want of adherence to some prescribed rule or mode of proceeding, and consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner, and in general is either in the *mesne* process or the proceedings thereon before judgment, or in the *judgment* or *execution*. In this case, when the judgment was entered the defendants had still two days in which to answer. It was a right conferred upon them by law, and of which the court could not divest them, if the term so long continued. One of the grounds taken here by the respondent is that the motion to set aside the judgment should have been made at the term at which the judgment was rendered; but there is no force in this objection, for by the 26th section of article 13 of the

Practice Act, three years is allowed to a party to move to set aside a judgment of a court of record for irregularity. Another ground assumed by the respondent is that the motion should have been accompanied by an affidavit alleging a meritorious defence. In Chitty's Practice, vol. 3, p. 543, it is stated that no affidavit of merits is required in support of a motion to set aside any proceeding for irregularity, if the ground of objection be clearly well founded.

If the granting of the motion in this case rested solely in the discretion of the court, an affidavit of merits should have been required; but we think no such discretion existed. The judgment was rendered out of time, and the defendant had a right for that reason alone to have it set aside. It was so ruled by this court in Doan v. Holly, 27 Mo. 256.

The learned counsel for the respondent has called our attention particularly to an early decision of this court—Payne v. Collier, reported in 6 Mo. 321—in which Judge McGirk says, that a mere irregularity is not the subject of error; but that case bears no analogy to this. Collier brought his action under the petition and summons act, which gave the defendant the first three days of the term in which to appear and plead. Payne appeared and moved to quash the writ for some supposed informality; and while said motion was pending, and after the time for pleading had expired, the plaintiff took judgment for want of a plea, and it was this supposed irregularity that the court had particularly in view. No motion was made to set aside the judgment, and no action taken to bring the matter to the attention of the court below. It was a mere question of practice, and, as far as we can learn from the report of the case, not governed by any statute or rule of court. The case at bar is very different. The time for pleading had not expired, and a motion to set aside the judgment was made in due time. The error of the court below consists in the decision of the court overruling the motion, and it is from this decision that the appeal is taken.

The other judges concurring, the judgment will be reversed and the cause remanded.