HANS LAWTHER, Defendant in Error, *v.* RANSOM AGEE, Plaintiff in Error.

*Practice—Error—Irregularity.*—If a judgment by default in a suit not founded upon a bond, bill, or note, for the direct payment of money, be made final at the same term at which the default is entered, it will be irregular ; but the defendant seeking to take advantage of the irregularity, must make his application by motion in the inferior court to set aside the judgment, and not by writ of error or appeal to the Supreme Court. (See Watson v. Welsh et al., 10 Mo. 454, *et supra* Branstetter v. Rives et al., 318.)

*Appeal from Callaway Circuit Court.*

*H. C. Hayden,* for plaintiff in error.

I. The Circuit Court erred in rendering a final judgment against the plaintiff in error at the October term, 1863, of the Callaway Circuit Court. That judgment ought to have been an interlocutory judgment with a writ of inquiry to the next succeeding term thereafter. The judgment could not be rendered final at the October term of the court. The record does not show that any interlocutory

judgment was ever entered against the defendant, either at the term the final judgment was rendered, or at any preceding term of the court. (R. C. 1855, p. 1280, § 9–11; Hopkins v. McGee, 33 Mo. 312.)

II. The errors complained of being patent in the judgment and record, no motion to set the same aside in the court below was necessary. (Carr & Co. v. Edwards, 1 Mo. 137; Weston v. Miles, 9 Mo. 167; Beckwith, Adm'r of Smith, v. Boyce, 12 Mo. 440; Maupin v. Triplett, 5 Mo. 422; Hempstead v. Stone, 2 Mo. 541; Morris v. Pate, 31 Mo. 315; Harbor v. Pacific R.R. Co., 32 Mo. 423; R. C. 1855, p. 1301, § 35; Hayton v. Hope, 3 Mo. 54.)

BAY, Judge, delivered the opinion of the court.

In Doan v. Holly, 26 Mo. 186, it was decided by this court that a proceeding to foreclose a mortgage given to secure the payment of a promissory note for the direct payment of money, is not one of those actions in which the law contemplates that a judgment by default may be proceeded with to final judgment at the return term.

In Hopkins v. McGee, 33 Mo. 312, we held that in actions not founded on bonds, bills, or notes, for the direct payment of money or property, an interlocutory judgment could not be taken and made final at the same term, but that the taking of the one must precede that of the other at least one term.

In the case at bar, an interlocutory judgment was taken at the October term, 1863, and made final at the same term. This was an irregularity which entitles the defendant to have the judgment set aside, by motion in the court below. It is not a void judgment, but an irregular judgment, and the remedy of the defendant was to move to set it aside; and if the court had overruled the motion, it would have been error, for which this court would have reversed the judgment. But the defendant having omitted to take any steps in the court below to have the judgment set aside,

he cannot avail himself of the irregularity by an appeal to this court. (See Watson v. Walsh & Patterson, 10 Mo. 454, and Branstetter v. Rives, decided at the present term of this court.

The other judges concurring, the judgment will be affirmed.