## NAVE v. TODD et al., Appellants.

| 83 | 601 |
|---|---|
| 126 | 93 |
| 61a | 389 |
| 83 | 601 |
| 145 | 195 |
| 83 | 601 |
| 158 | 631 |

1. **Judgment, Entry of Final at Wrong Term :** IRREGULARITY. An entry of final judgment at the same term with a default, when the statute provides that the former shall be entered at the next term after the default, is an irregularity and may be corrected on motion at a subsequent term, without notice to the defendant.

2. **Land Title :** PAROL PARTITION : ESTOPPEL. While a parol partition followed up by possession in severalty will give to the parties respectively the equitable title to the land thus acquired, yet one cannot claim the benefit of such partition as against another who claims thereunder, when the former derives his title under attaching creditors who, in disregard of the parol partition and in denial of its binding force and effect, attached and sold the undivided interest of one of the parties thereto and under whom plaintiff claims in the whole tract; and this is specially true in this case where such creditors recognized plaintiff's title by calling upon him through their trustee while he was in possession for them to pay taxes on one-half of the land, which plaintiff did.

*Appeal from DeKalb Circuit Court.*—HON. JAMES P. GRUBB, Judge.

AFFIRMED.

*B. F. Loan* for appellants.

(1) Parol partition of land followed by possession of the respective portions assigned to each is valid. *Hazen v. Barnett*, 50 Mo. 507. (2) Possession of real estate is evidence of the title of the possessor to all who know of the possession. *Shumate v. Reavis*, 49 Mo. 336; *Maupin v. Emmons*, 47 Mo. 306; *Vaughn v. Tracy*, 22 Mo. 417, and 25 Mo. 318. (3) Nave, as mortgagee, is not a purchaser for value; the conveyance was a mortgage to secure an antecedent debt. (4) The finding and judgment should have been for defendant because plaintiff did not show any title to the property in controversy. The record of the judgment given in evidence showed the sheriff's deed, upon which plaintiff relied, to be void.

*H. K. White*, also, for appellants.

(1) The court erred in admitting the testimony as to the acts and admissions of Daniel Saunders, while acting as trustee for the creditors of Breckinridge, and this court should disregard the same. Perry on Trusts, sec. 433; *Thomas v. Bowman*, 30 Ill. 84. Whether Nave claims to recover under his mortgage, or his sheriff's deed, he cannot claim to be an innocent purchaser for value. Perry on Trusts, sec. 221, and cases cited; *Bennet v. Nosworthy*, Two Leading Cases in Equity, 103–109; *Fox v. Hall*, 74 Mo. 315; Freeman on Judgments, sec. 366 *a*; *Ayers v. Duprey*, 27 Texas 593; *Williams v. Hollingsworth*, 1 Strob. Equity 103; *Orme v. Roberts*, 33 Texas 768; *Banning v. Edes*, 6 Minn. 402; *Wright v. Douglas*, 10 Barb. 97; *Dickerson v. Tillinghast*, 4 Paige Ch. (N. Y.) 215; *Devoe v. Brandt*, 53 N. Y. 462.

(3) Plaintiff, Nave, cannot recover in this case, upon his sheriff's deed, because the judgment upon which it was based was *coram non judice* and void. Freeman on Judgments, sec. 103; *Coleman v. McAnulty,* 16 Mo. 173; *Danforth v. Lowe,* 53 Mo. 217; *Hettrock v. Wilson,* 12 Ohio St. 136; *Nickolls v. Irwin,* 2 Neb. 60; *Wright v. LeClaire,* 3 Clark (Iowa) 221. (4) Plaintiff, Nave, cannot recover upon the mortgage read in evidence: (a) Because if the estate, granted by Kerr, is unaffected by the proceedings taken to foreclose the mortgage, it constituted at best a lien junior to that under which defendants held. (b) The judgment of foreclosure rendered at the September term, 1863, even if irregular, was binding on both parties until reversed or regularly set aside. *Sims v. Gray,* 66 Mo. 613; *Whitman v. Taylor,* 60 Mo. 127. By the proceedings to enforce the lien of the mortgage, the estate of Nave, as mortgagee, was merged in the judgment. *Wayman v. Cochran,* 35 Ill. 154; *Reedy v. Burgert,* 1 Ohio 157; Freeman on Judgments, secs. 215, 216, 217. (5) The levy of the attachments in the proceedings under which defendants claim, was sufficient, with the subsequent sale by sheriff, Ransom, to pass to Daniel Saunders all the interest of Breckinridge both legal and equitable to the land in controversy. *Lackey v. Seibert,* 23 Mo. 85; *Duncan v. Matney,* 29 Mo. 368; *Morgan v. Bouse,* 53 Mo. 219. (6) The judgment should have been for defendants under the statute of limitations.

*S. G. Loring,* also, for appellants.

(1) The rule is well settled that parol partition of lands by tenants in common followed by exclusive possession is valid and binding upon the parties and that in time the equitable title thus acquired will be a legal one. *Hazen v. Barnett,* 50 Mo. 507; *Bompart v. Rodeman,* 24 Mo. 401; 43 Barb. 546; 36 N. Y. 499. Taking possession under the partition was under color of title. *Hughes v. Israel,* 73 Mo. 547. (2) The rule is well settled that the

distinction between a warranty and quit-claim deed is this: If the deed will convey by estoppel, the grantor's subsequently acquired title it is a warranty deed, otherwise it is a quit-claim one. *Gibson v. Chouteau*, 39 Mo. 556–7. (3) Nave was not a purchaser of the land for value as it was made to secure a debt of Kerr's long past due. *Martin v. Jones*, 72 Mo. 26; *Fox v. Hall*, 74 Mo. 315. (4) They could not set aside the final judgment of Sept. 10, 1863, at the March term, 1864, and then enter another judgment. *Brown v. Dinwiddie*, 25 Mo. 351; *Hill v. St. Louis*, 20 Mo. 584; Freeman on Judgments, sec. 96.

*Ramey & Brown* and *Woodson, Green & Burnes* for respondent.

(1) Saunders was in possession in 1868 and 1869 expressly recognizing plaintiff as his co-tenant, and no act of ouster was attempted to be proven up to the time of the beginning of this suit. Saunders himself was in possession up to November 22, 1875. The presumption of law is that the possession of one tenant in common is the possession of his co-tenants. *Lapeyre v. Paul*, 47 Mo. 586; *Musick v. Barney*, 49 Mo. 458. Not only is no act of ouster proven or claimed in this case, but it is proven by defendants that Saunders was recognizing Nave's title, and actually suing Kerr for partition up to 1874. (2) The legal title having passed by the mortgage remains in plaintiff, notwithstanding the judgment of foreclosure. *Riley v. McCord*, 21 Mo. 285. (3) This judgment of September, 1863, was obviously rendered at a term when its entry was not authorized by statute, and was consequently irregular. This question was fully discussed in *Hopkins v. McGee*, 33 Mo. 312, expressly overruling *Doane v. Holly*, 26 Mo. 187, and as such should be set aside on motion. *Thornton v. Thornton*, 27 Mo. 302. And the refusal of the court to set it aside on motion would be error. *Shaw v. Gregoire, supra.* And

this should be done at any time within three years after the entry of the judgment. *Stacker v. Cooper Circuit Court*, 25 Mo. 401; *Harkness v. Austin*, 36 Mo. 47; *Downing v. Still*, 43 Mo. 309. And the party in whose favor it is entered is entitled to a regular judgment, unaffected by an infirmity which leaves it open to an attack whenever the opposite party shall choose to come into court with a motion to set it aside, and may to that end have it set aside and corrected on his own motion, as was done in this case. *Downing v. Still, supra.* Where, as in this state, a judgment *nunc pro tunc* can only be entered from an inspection of the records of the court, no notice of a motion to enter such judgment is necessary. *Fugua v. Carriel*, 1 Minor 170; *Allen v. Bradford*, 3 Ala. 281; *Glass v. Glass*, 24 Ala. 468; *Balch v. Shaw*, 7 Cush. 282; *Thornton v. Thornton*, 27 Mo. 302. (4) Plaintiff is a mortgagee for value of the legal title held by Kerr, without notice, actual, constructive or implied of any equity of defendants. (5) The attaching creditors and their trustee were put to their election whether they would repudiate the act of Breckinridge and were bound to act promptly or they would be presumed to have acquiesced in the rescission by Kerr. *Banks v. Burnham*, 61 Mo. 76; *State v. West*, 68 Mo. 229. And the creditors through their agent did make their election to stand by the legal title and acquiesce in the rescission of Breckinridge and Kerr the moment they called upon Nave to pay his share of the taxes and reaffirmed it by buying Breckinridge's title to the whole tract, and again when they recognized Nave as their co-tenant. (6) A party cannot assert what his previous conduct has denied when others have acted or changed their condition on the faith of that denial. *Austin v. Long*, 63 Mo. 19. (7) Defendants are debarred of relief because of their gross laches. *Banks v. Burnham* and *State v. West, supra*; Bigelow on Estoppel 503. (8) There is no sufficient evidence upon which the court could find there was a parol partition. *Johnson v. Quarles*, 46 Mo. 423;

*Underwood v. Underwood*, 48 Mo. 527 ; Story's Eq. Jur., sec. 764.

BLACK, J.—1.   This was an action of ejectment. Todd was the tenant of McDonald.   McDonald pleaded an equitable defence.   Plaintiff recovered judgment for the undivided one-half of 80 acres of land in DeKalb county, from which defendants appealed.

The plaintiff's title consisted of a mortgage made by H. Clay Kerr, and a sheriff's deed dated March 7th, 1865, made upon a sale under the foreclosure of the mortgage.   The suit to foreclose the mortgage was instituted by Nave against Kerr in the circuit court of that county.   The defendant was notified by publication returnable to the March term, 1863.   Default and a final judgment were entered at the September term, 1863.   At the March term, 1864, on motion of plaintiff, and apparently without any notice to Kerr, the defendant, this judgment was set aside, so far as it was final, and allowed to stand as an interlocutory judgment by default, which was then made final.   The foreclosure was had under the practice act of 1855, by which the final judgment should have been entered at the term next after the default was taken.   R. S. 1855, p. 1280, sec. 10 ; *Hopkins v. McGee*, 33 Mo. 312.   To thus enter the final judgment, at the same term, was an irregularity which appeared upon the face of the record.   Such irregularities may be corrected by the court at a term subsequent to that at which the judgment is rendered.   *Stacker v. Cooper Circuit Court*, 25 Mo. 401 ; *Harbor v. Pacific R. R. Co.*, 32 Mo. 423 ; *Downing v. Still*, 43 Mo. 309.

The first final judgment was not void, and a motion was the proper method of reaching the irregularity. *Branstetter v. Rives*, 34 Mo. 318 ; *Lawther v. Agee*, 34 Mo. 372 ; *Sims v. Gray*, 66 Mo. 616.   The court had the power and was in duty bound to make the correction and we see no reason why notice should have been given to defendant.   The effect of the record is the same and the

defendant was not prejudiced.  *Emery v. Whitwell*, 6 Mich. 492.  Certain it is, the judgment as corrected and finally entered up is not void and that disposes of the question between these parties and in this collateral proceeding.

2.  Kerr and John W. Breckinridge owned jointly two farms, one known as the Canfield farm and the other as the Breckinridge farm, and, it is said, were partners in farming.  They dissolved their partnership and divided the property real and personal.  Kerr took the Canfield farm upon which he then lived and Breckinridge took the other farm, upon which he resided.  This division was made in 1859, and thereafter each occupied his respective portions, but no deeds were made until long after the rights of the parties to this suit attached.  On the 25th of February, 1861, Kerr made to this plaintiff, Nave, the mortgage before mentioned on the undivided half of some 600 acres of land, including the parcel in question, which was a part of the Breckinridge farm.  This mortgage was made at the instance of Breckinridge and to secure a debt due from him to Nave, for which Kerr then gave his note.  Plaintiff claims under the foreclosure of this mortgage.  On the 19th of February, 1861, a number of creditors of Breckinridge, of whom defendant, McDonald, was one, brought suit against Breckinridge and attached his interest in both farms.  These suits were prosecuted to final judgment, the property attached was sold and bought in by Saunders in trust for the creditors.  In a proceeding against the rights of the creditors to the property thus held by Saunders, the property was again sold and defendant, McDonald, through that sale, purchased the land here in question, and now defends as to the whole interest therein, on the ground that there was a parol partition between Kerr and Breckinridge, by which the latter became entitled to this land.

A parol partition followed up by possession in severalty, doubtless, gives to the parties respectively the

equitable title to the land thus acquired. But we do not see how that can avail the defendants here. The division was made with a view of perfecting it by deeds. The attaching creditors disregarded the alleged parol partition and attached Breckinridge's interest in both farms, sold and became the purchasers of that interest and thereby denied the binding force of such a partition. They cannot affirm the validity of the partition in part and deny it as to another part of the lands. Besides all which it appears that while Saunders held the title in trust for the creditors, he called upon Nave to pay taxes upon his half of the land, and Nave did pay them pursuant to such request. Saunders who was the trustee and competent to speak for the creditors, seems to have recognized the plaintiff as part owner, during the time he thus held the property.

There is no equity in the defence and the judgment is affirmed. All concur.