LUCINDA BADGER, Respondent, v. MARGARET STEPHENS, Appellant.

St. Louis Court of Appeals, March 12, 1895.

1. **Practice, Appellate:** PROCEDURE WHEN COMPLETE TRANSCRIPT IS NOT FILED. When an appellant proceeds by filing a copy of the judgment entry and order of appeal, and subsequently his printed abstract of the record, and the respondent thereon files a counter abstract to supply alleged omissions in that filed by the appellant, and no exception is taken thereto, such counter abstract will be taken to be correct.

2. **Promissory Notes:** CONSIDERATION. A promissory note is supported by a sufficient consideration, when it is made in the course of a voluntary partition of land between the maker and payee, and for the purposes of equalizing their shares.

*Appeal from the Lawrence Circuit Court.*—HON. WALTER ROBINSON, Judge.

AFFIRMED.

*R. H. Davis* and *Cloud & Davies* for appellant.

*William B. Skinner* for respondent.

ROMBAUER, P. J.—Section 2253 of the Revised Statutes of 1889 provides that, where a party appeals by filing in lieu of an entire transcript of the record of the cause in the trial court only a clerk's certificate, showing the record entry of the judgment and order granting the appeal, he shall thereafter, within a time specified, file in the appellate court a printed abstract of the record. The section also provides that, if the respondent is dissatisfied with the abstract thus filed, he may file either an entire abstract, or such additional abstract as he may deem necessary. If the opposite party (the appellant) does not *concur* in the counter abstract filed by the respondent, *he must specify objections thereto in writing*, whereupon the clerk of the appellate court shall send an official order to the clerk of the trial court to send up a certified transcript of so much of the record *as is in dispute* between the parties.

In the case at bar the appellant filed in this court a clerk's certificate showing the record entry of the judgment and the order allowing the appeal. Thereafter, and within due time, she filed what purports to be an abstract of the entire record, and which purports to embody the evidence given at the trial. The respondent, within due time, filed a counter abstract, wherein she claims that the abstract filed by the appellant is incorrect, and omits a great portion of the testimony which is material. An abstract of the testimony thus omitted is supplied by the counter abstract. *No exceptions to the counter abstract have been filed.* It is evident that, under these circumstances, we must assume the respondent's counter abstract to be true, and adjudge the case accordingly.

Badger v. Stephens.

The suit is one upon a negotiable promissory note given by the defendant, while a single woman, to her brother, and transferred by him before maturity to the plaintiff for value. The defense interposed was want of consideration, and notice of that fact by the plaintiff when she acquired the note. The cause was tried by the court without the intervention of a jury. The court gave all the instructions asked by the defendant, and upon her instance made the following special finding:

"The court finds from the evidence that the plaintiff purchased the note sued on with knowledge of all the facts and circumstances surrounding the execution of said note, but there was sufficient consideration to support said note in the hands of the original holder."

According to the abstract filed by the respondent, the note was given for the purpose of equalizing shares between partitioners, and was given at a time when the parol partition was incomplete, before the partitioners had taken possession of their respective allotments, and before the interchange of deeds. According to said abstract the defendant thereafter, and before the note came into plaintiff's possession, promised, in writing, to pay the same according to its tenor, which written promise was shown to the plaintiff, and upon the faith whereof she bought the note. If such be the facts, as we must assume in the present state of the record, the defendant has no cause to complain of the judgment. *Hammett v. Barnum*, 30 Mo. App. 289; *Fitzgerald v. Barker*, 13 Mo. App. 192. As, according to respondent's abstract, there was no parol partition at all, nor any taking of possession thereunder, but the partition contemplated the exchange of deeds, and the note was given before partition by deed, the note was supported by a valuable consideration in its inception. *Nave v. Todd*, 83 Mo. 601.

All the judges concurring, the judgment is affirmed.