Reed Bros. v. Nicholson.

REED BROTHERS, Appellants, v. NICHOLSON et al.

Division One, December 11, 1900.

1. **Judgment by Default: "WRITTEN INSTRUMENT."** Where the suit is "founded upon a written instrument," the demand being "ascertained by such instrument," and the summons is properly served 15 days before the return term, and the defendant defaults, final judgment can be rendered at such return term, whether the "written instrument" be a promissory note or not. And the final judgment in this case, which is held to be in full force and effect, is one and the same with the interlocutory judgment by default.

2. ————: PREMATURE: COLLATERAL ATTACK: EVIDENCE. Where the court had the jurisdiction of the parties and of the subject-matter, its judgment is not open to collateral attack, even though rendered prematurely. Nor can its validity be questioned when such judgment is introduced in evidence in any subsequent collateral suit.

3. ————: COLLATERAL ATTACK: MATTER IN PAIS. A judgment can not be collaterally attacked for want of jurisdiction in the court to render it, by matter *in pais*. Such an attack must be made on the record in the case, and an exhibit filed with a pleading is no part of the record.

Appeal from Lawrence Circuit Court.—*Hon. J. C. Lamson,*
Judge.

REVERSED AND REMANDED.

*Jos. M. McPherson* and *Wm. B. Skinner* for appellants.

(1) Appellants contend that the only question presented by the record in this case is whether or not the instrument sued on comes under the head of "bond, bill of exchange or promissory note." If it does, then under R. S. 1889, sec, 2042, now R. S. 1899, sec. 597, the judgment in the case of Reed Bros. v. R. D. O. Nicholson, was properly taken at the August term, 1896, defendant having been personally served more than fifteen days before the first day of said term. (2) The court erred in excluding the roll and judgment in the case of Reed Bros. v. R. D. O. Nicholson. Defendant was sued on a promissory note and was served with process more than fifteen days before the August term, 1896, and final judgment was properly taken at said term. The instrument on which this judgment was based, was a promissory note. It has every element of a promissory note. A writing which has every element of a promissory note does not lose its character as such, by reason of a collateral agreement appended to it not inconsistent with the contract in the note. Ewing v. Clark, 76 Mo. 545; Ewing v. Clark, 8 Mo. App. 570; Tiedeman on Commercial Paper, Ch. 11, sec. 29, p. 79.

*H. Brumback* and *Gibbs & Jennings* for respondents.

Respondents agree with appellants in this that the only question for this court to pass upon is whether the instrument sued on the original suit by Reed Bros. v. R. D. O. Nicholson is a promissory note within the meaning of section 597, Revised Statutes 1899. Summons was served in this case just twenty-two days before the first day of the August term of circuit court, 1896, at which term the judgment was taken against Nicholson and on this judgment plaintiffs have based the suit at bar now. The trial court excluded the record evidence offered by plaintiff for the reason that the records

showed that the summons had not been served at least thirty days before the first day of the term at which the judgment was rendered and in so holding the respondents contend the court was right. The instrument sued on is not a promissory note but is more of the nature of a bill of sale for a certain patent right. To load down commercial paper with collateral agreements can have no other effect than to destroy the simplicity of such paper. Hope v. Barger, 112 Mo. 341; Bank v. Jacobs, 73 Mo. 35; Bank v. Marlow, 71 Mo. 618; Bank v. Gay 71 Mo. 627.

BRACE, P. J.—On the 7th day of July, 1896, the plaintiffs instituted suit against the defendant R. D. O. Nicholson in the Lawrence county circuit court by petition as follows:

"Plaintiffs state that they are co-partners doing business under the name and firm of Reed Bros., and which firm is composed of S. S. Reed and Frank Reed; that the defendant Robert D. O. Nicholson, by his initials of R. D. O. Nicholson, by his promissory note herewith filed, dated October 15, 1895, promised, for value received, to pay to J. A. Fretwell or bearer, the sum of three hundred and sixty dollars six months after date thereof, with interest thereon from date at the rate of eight per cent per annum; that plaintiffs for value purchased said note before maturity and are now the legal holders and owners of the same. Wherefore plaintiffs pray judgment for said sum of three hundred and sixty dollars yet due and payable and interest thereon from date, and for proper relief in the premises."

And thereupon on the same day sued out a writ of summons of that date against the defendant returnable "on the first day of August term, 1896, of said court," which was duly served on the defendant, personally, on the 25th of July, 1896, twenty-two days before the first day of said term.

Afterwards, on the 21st day of August, 1896, and on the fifth judicial day of said term, the said defendant failing to appear or plead to the petition, judgment was rendered in said cause as follows:

"August 21st, 1896, 5th day of term.

"Reed Bros.     ⎫ Judgment for plaintiff for $381.60.
    vs.     ⎬
"R. D. O. Nicholson. ⎭ Judgment to bear 8 per cent interest.

"Now at this day come the plaintiffs, but the defendant although called, comes not, but makes default, and it appearing to the satisfaction of the court that the defendant has been duly notified of the commencement of this suit and of the object and general nature thereof more than fifteen days before the first day of the present term of this court by process of summons personally served on the defendant by the sheriff of Lawrence county, and that the defendant wholly fails to appear and plead, answer or demur to plaintiffs' petition herein within the time required by law and the rules of this court, but wholly makes default herein and the court being fully advised in the premises finds the issues for the plaintiffs. It is therefore considered, ordered and adjudged by the court that the plaintiffs have and recover of and from the defendant, R. D. O. Nicholson, the said sum of $381.60, together with eight per cent interest on the same, together with their costs on the same laid out and expended, for all which execution may issue."

Upon which judgment execution was issued and returned *nulla bona.* Thereupon the plaintiffs instituted this suit, which is a proceeding in equity to set aside a certain deed executed and delivered by the said R. D. O. Nicholson to his wife and co-defendant, Nancy E. Nicholson, dated the 27th day of March, 1896, and duly recorded on the 30th of April, 1896, whereby he conveyed to her certain real estate described

in the petition for the expressed consideration of $4,500, on the ground, as alleged in the petition, that the same was so executed, delivered and recorded without any consideration in fact and for the purpose of hindering, delaying, and defrauding the plaintiff and other creditors of the said R. D. O. Nicholson, who it is charged has no other property out of which said judgment can be satisfied. The defendants filed separate answers to the petition denying that the deed from R. D. O. Nicholson to Nancy E. Nicholson was made to defraud creditors, claiming the premises as a homestead, and pleading failure of consideration in the note on which the judgment was obtained.

On the trial the plaintiffs offered in evidence the judgment and the roll of the case in which it was rendered, to the admission of which the defendants objected, their objection was sustained and the evidence was excluded. Thereupon the plaintiffs took a nonsuit with leave, and failing to have the same set aside upon motion duly filed, bring the case here by appeal. In the *roll* was the note referred to in the petition as therewith filed, and which was as follows:

"$360.00 Halltown, Mo., Oct. 15, 1895.

"Six months after date I promise to pay to J. A. Fretwell, or bearer, three hundred and sixty dollars at any bank of Mt. Vernon, Missouri, for value received, negotiable and payable without defalcation or discount, and with interest from date at the rate of 8 per cent per annum until fully paid.

"The consideration of this note is the right granted by payee to payor to use, sell and otherwise dispose of, within the limits of the county of Greene and not elsewhere, a certain patented bed brace, known as the J. A. Fretwell, patent, and being patent No. 515, 706, according to deed of patent granted at Patent Office of United States of America to J. A. Fretwell, dated February 27, 1894.

"The payor admits that this note is the entire contract between himself and the payee, and that he was not induced to make said contract by, or on account of, any representations of the payee or his agent, but made the same on his own judgment and of his own volition.

"Witness my signatures and date above written.

"R. D. O. NICHOLSON.

"Witness: Geo. E. Smith.

"Farmers' Bank, Mt. Vernon, Mo., No. 1485.

"There is no verbal contract contrary to the payment of this note."

The ground upon which the judgment was excluded does not appear from the abstract, but it is conceded by counsel on both sides that the only ground on which the court excluded the judgment was that this instrument was not a promissory note within the meaning of the statute, and this is the only question discussed by them in their briefs. The solution of that question, however, is not necessary to the determination of this case in the view we take of it.

The first day of the August term, 1896, was the return day of the writ, in the suit in which the judgment was rendered. The statute provides that "every defendant served with a summons fifteen days before the return day thereof shall be bound to appear at the return term of the writ." [R. S. 1889, sec. 2015.] The defendant was so served. At the time these proceedings were had Lawrence county had less than 40,000 inhabitants, and the statute provided that in such counties every defendant so summoned "shall demur to or answer the petition on or before the third day of the term at which he is required to appear, if the term shall so long continue." [R. S. 1889, sec. 2042.] The August term of the circuit court of that county did so long continue and the defendant did not demur to or answer the petition on or before the third day, in which case the statute provides that "an

interlocutory judgment shall be given against him by default." [R. S. 1889, sec. 2209.] The case was in this condition on the fifth day of the term when the default was entered, and ready to come under the operation of section 2214, Revised Statutes, 1889, which provides that, "Whenever an interlocutory judgment shall be rendered for the plaintiff by default *nil dicit,* confession, or upon an issue of law in any suit founded upon a written instrument, or upon a judgment of any court of record, and the demand is ascertained by such instrument or the record of any such judgment, the court shall assess the damages, and final judgment shall be given thereon."

Now, whether the instrument on which the suit was founded was or was not a promissory note, it was beyond question *"a written instrument"* by which plaintiffs' demand was *"ascertained,"* and on the fifth day the court was not only authorized to render an interlocutory judgment by default against the defendant, but thereupon to assess the damages, and render final judgment therefor thus making the interlocutory judgment final on that day as contemplated by the statute. While the recitals of the judgment are not as full and formal as they might have been, it is evident upon its face that this is what was substantially done, and that the final judgment was rendered in strict compliance with law. The case having been thus disposed of was taken out of the operation of section 2122, Revised Statutes 1889, which provides that "every suit that shall not be otherwise disposed of according to law shall be continued at the term at which the defendant is bound to appear, until the next term thereafter." And being a case of default was not affected by the *proviso* in section 2042, *supra,* that, "All suits founded upon bonds, bills of exchange or promissory notes for the direct payment of

money or property, shall be determined at the term at which the defendant is required to appear unless continued for cause." It was not the purpose, nor is it the effect of this *proviso* to repeal, modify or change the statute governing in case of default, but in suits on these instruments to secure a speedy determination thereof, even though the defendant may have promptly pleaded, and there is no default. The final judgment having therefore been properly and legally rendered, ought to have been admitted in evidence.

(2) Even if the judgment had been premature, which seems to have been the opinion of the trial court, this would have furnished no sufficient reason for rejecting it, for that would have been a mere irregularity.

The court had jurisdiction of the subject-matter and of the parties, and the judgment was not open to collateral attack. [State v. Wear, 145 Mo. 194; Leonard v. Sparks, 117 Mo. 103; Nave v. Todd, 83 Mo. 601; Sims v. Gray, 66 Mo. 613; Lawther v. Agee, 34 Mo. 372; Branstetter v. Rives, 34 Mo. 318; Perryman v. State, 8 Mo. 208; Wise v. Loring, 54 Mo. App. 258.]

(3) Moreover, the judgment could not be collaterally attacked, even for want of jurisdiction, by matter *in pais;* such an attack must be made on the record in the case, and it is well-settled law that an exhibit filed with a pleading as in this case is no part of the record. [Hickory County v. Fugate, 143 Mo. 71; Pomeroy v. Fullerton, 113 Mo. 440; Vaughan v. Daniels, 98 Mo. 230; Kern v. Insurance Co., 40 Mo. 20; Bowling v. McFarland, 38 Mo. 465.

(4) The circuit court manifestly committed error in rejecting the plaintiffs' evidence and in refusing to set aside the nonsuit, whatever view the court may have taken of the character of the instrument sued on, whether a promissory

note or not.   Its judgment will therefore be reversed and the cause be remanded to the circuit court for trial after the nonsuit shall have been set aside, in accordance with the views expressed in this opinion.

    All concur.