Reed Brothers v. Nicholson.

---

REED BROTHERS, Respondents, v. R. D. O. NICHOLSON, Appellant.

### St. Louis Court of Appeals, March 1, 1902.

1. **Judgment: WHEN CAN BE SET ASIDE.** A judgment of the circuit court may be set aside for irregularity on motion filed in the same court within three years after its rendition.

2. **Irregularity: PRACTICE AND PROCEEDINGS.** An irregularity is a want of adherence to some prescribed rule or mode of proceeding.

3. **Judgment:** BY DEFAULT, WHEN CAN BE SET ASIDE. An entry of judgment by default before the time for pleading in the cause has elapsed, is an irregularity for which the judgment may be vacated on motion within three years.

4. **Pleading:** TIME OF FILING PLEA. Under Reed v. Nicholson, 158 Mo. 624, the instrument of writing sued upon was a promissory note for the direct payment of money, and therefore defendant was required to plead to the petition on or before the third day of the return term.

5. **Record:** SUMMONS AND RETURN ARE PARTS OF. The summons and return in a cause are parts of the record proper.

6. ——: MOTION IN ARREST OF JUDGMENT: ERROR. Any error of law of the trial court based on interpretation of the record proper may be corrected by motion in arrest of judgment.

7. ——: ERROR IN RECORD CAN BE CORRECTED AT ANY TIME BEFORE FINAL JUDGMENT. Before final judgment in a pending cause the trial court has power to correct an error appearing in the record proper although the error was not excepted to at the term when it occurred.

Appeal from Lawrence Circuit Court.—*Hon. H. C. Pepper,* Judge.

AFFIRMED.

*H. Brumback, N. Gibbs* and *Samp Jennings* for appellant.

.(1)   Defendant's motion to set aside plaintiffs' original judgment procured in August, 1896, was passed on at the next term, the substance of said motion was that service was not had on defendant thirty days before the first day of the said August term of said court, and that plaintiffs' action was not such an action as was triable on fifteen days' notice, and, therefore, plaintiffs were not entitled to final judgment until the February term, 1897, which was the next succeeding term thereafter and the term at which defendant's motion to set aside said original judgment was filed and sustained.   (2)   It is very evi-

dent that this motion of defendant was simply a motion to set aside a default judgment for irregularity, to-wit: for the reason that the final judgment was prematurely taken, and, therefore was simply a motion in the original suit. Hirsh v. Weisberger, 44 Mo. App. 510. "An irregularity has been defined to be "the want of adherence to some prescribed rule or mode of proceeding; and it consists, either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unreasonable time or improper manner, and in general is either in the *mesne* process or the proceeding thereon before judgment, or in the judgment or execution." Branstetter v. Rives, 34 Mo. 321; Hirsh v. Weisberger, 44 Mo. App. 510. (3) Where judgment is rendered at one term when it ought not to have been rendered until the next term, a motion to set it aside is the proper remedy and no notice of the motion is necessary. Nave v. Todd, 83 Mo. 606. Where the service is shown to be irregular on the face of the record, the judgment will, as of course, be set aside. 6 Ency. of Plead. and Prac., p. 177.

*Jos. M. McPherson* and *Wm. B. Skinner* for respondents.

(1) The proper proceeding to vacate a void judgment is by motion. It now takes the place of the common-law writs of *audita querela* and *coram nobis*, and is a direct proceeding. Reinhart v. Lugo, 86 Cal. 395; People v. Mullan, 65 Cal. 396; People v. Greene, 74 Cal. 400; City of Aurora v. Lindsay, 146 Mo. 521. (2) That the judgment in the case of Reed Bros., against R. D. O. Nicholson, rendered at the August term, 1896, of the Lawrence Circuit Court, was a final and conclusive judgment, can not be questioned, since the Supreme Court has so decided. Reed Bros. v. R. D. O. Nicholson et al., 158 Mo. 624. (3) The judgment rendered at the August term, 1896, of the Lawrence Circuit Court, in the case of Reed Bros. v. R. D. O. Nicholson, being a final and conclu-

sive judgment and not appealed from, could not be set aside at a subsequent term, and the action of the court in setting aside this judgment at the subsequent February term, 1897, was without jurisdiction and void. This proposition is well settled in this State. Ashby v. Glasgow, 7 Mo. 320; Childs v. Railroad, 117 Mo. 414; Head v. Randolph, 83 Mo. App. 284.

BARCLAY, J.—The appeal in this case is from an order reinstating a judgment and vacating an earlier order which set aside a prior judgment. The material facts leading up to the last order are these:

In July, 1896, plaintiff brought an action in the circuit court of Lawrence county against defendant to obtain judgment upon a written instrument styled therein "a promissory note" the terms of which were as follows:

"$360.00                    "Halltown, Mo., Oct. 15, 1895.

"Six months after date I promise to pay to J. A. Fretwell or bearer, three hundred and sixty dollars, at any bank in Mt. Vernon, Mo., for value received, without defalcation or discount, and with interest from date at the rate of 8 per cent per annum, until fully paid."

"The consideration of this note is the right granted by payee to payor to use, sell or otherwise dispose of, within the limits of the county of Greene and not elsewhere, a certain patent bed brace, known as the J. A. Fretwell patent and being patent No. 515706, according to the deed of patent granted at the patent office of the United States of America to J. A. Fretwell, dated February 27, 1894."

"The payor admits that this is the entire contract between himself and the payee, and that he was not induced to make said contract by, or on account of, any representations of the payee or any agent, but made the same on his own judgment and his own volition.

"Witness my signature and date above written.

                              "R. D. O. NICHOLSON.

"Witness, George E. Smith."

The instrument was filed with the petition.

Summons was issued in the cause returnable to the August term, 1896. It was personally served on defendant July 25, 1896, which was twenty-two days before the beginning of the August term in that year. Defendant did not plead to the petition at the August term; thereupon defendant took default on the fifth judicial day of the term, and final judgment followed on the same day for $381.60 with interest at eight per cent from that time.

At the February term, 1897, of the same court, defendant "by leave" filed a motion to set aside the above-mentioned judgment. The motion was read in evidence at the hearing on the last motion now under review, which will be described further on. The motion of 1897 was based on the following reason assigned therein:

"This suit is not founded upon any bond, bill of exchange, or promissory note for the direct payment of money or property; defendant was not served with process or notified thirty days before the first day of the August term of this court 1896 and because said action was not subject to final determination at this court at said August term, 1896."

February 19, 1897, the circuit court made an order reciting the appearance of all parties to the cause, upon the coming on of said motion to set aside the final judgment, and that the court being fully advised sustained said motion. The court then set aside the judgment, granted defendant leave to file an answer (which was done) and the cause was continued to the next term.

The answer filed by the defendant at that time charged, in substance, that the instrument sued upon had been procured from defendant by fraud (the circumstances of which were detailed) and that plaintiff obtained it with actual knowledge thereof.

The cause was continued thereafter from term to term,

pending the progress of another suit between the same plain-
tiffs and defendant and his wife, the facts of which appear in
the report of the latter suit in the Supreme Court (158 Mo.
624).

After the decision was announced in the case last cited,
plaintiff filed a motion in the circuit court at the February
term, 1901, to set aside the judgment of 1897, vacating the first
judgment herein in 1896.    That motion is the one now under
review.    It was based on the alleged reason that the order and
judgment of 1897 (by which the earlier judgment was set
aside) was "irregular and the court had no jurisdiction to set
aside the same."

On the hearing of the latter motion defendant objected
to any testimony on the ground that the motion was not filed
within three years from the judgment sought to be vacated.
But the court overruled the objection, and defendant excepted
at the time.    Then plaintiffs offered in evidence the papers
and facts already outlined, upon consideration whereof the
court made an order sustaining said motion and entering a
judgment setting aside the order of 1897 and declaring that
the first judgment of 1896 "remain in force and virtue in
law."    Defendant filed a bill of exceptions, presenting for re-
view the points on which a reversal is now asked, and took the
appeal which is before us for hearing.

A judgment of the circuit court in Missouri may be set
aside for irregularity on motion filed in the same court in the
same cause within three years after its rendition, as one section
of the code of procedure clearly implies.    R. S. 1899, sec.
795.    Many decisions recognize that rule of practice.    We
mention only a few of them.    There is no reason to treat the
rule as in any respect questionable.    Stacker v. Cooper Cir-
cuit Court, 25 Mo. 401; Harbor v. Railroad, 32 Mo. 423;
Hirsh v. Weisberger, 44 Mo. App. 506.    An entry of judg-
ment prematurely is an irregularity for which a judgment may

be vacated upon such a motion. Smith v. Best, 42 Mo. 185; Lawther v. Agee, 34 Mo. 372.

In the case in hand both parties appeared to the motion in 1897 according to the recitals in the record. The order of the court setting aside the first judgment was one which the circuit court had jurisdiction to make. No exception was saved at the term when that order was entered. But in view of the opinion of the first division of the Supreme Court in Reed Bros. v. Nicholson, 158 Mo. 624, the trial court must be held to have erred in making that order. That error was not excepted to at the time, or at the term of court when it occurred, and no step was taken to review it for more than three years after it took place. Still the cause remained pending in the circuit court. That court had the power to act upon the record at any time for the purpose of reviewing and correcting, if need be, any judicial action which had taken place in the cause during its pendency.

An irregularity has been defined to be a "want of adherence to some prescribed rule or mode of proceeding; and it consists, either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner." This definition is transplanted from Tidd's Practice (1 Tidd Prac., 3 Am. Ed., 512), and has been approved in Branstetter v. Rives, 34 Mo. 321, and in Clowser v. Noland, 72 Mo. App. 217.

The supposed irregularity for which the original judgment was vacated consisted in the entry of judgment by default before the proper time. Our statute law requires defendant to plead after the lapse of a given period of time from service of process in suits based on one class of written instruments, while in suits brought upon other instruments a different period is defined (R. S. 1899, secs. 568, 597, identical with secs. 2015, 2042, R. S. 1889).

The Supreme Court has held, in a case between the same parties (158 Mo. 624) that the service of summons in this

cause was made at such a time as would be sufficient to warrant the original judgment entered in the case at bar.    The summons and the return thereon are parts of the record proper. Bank v. Suman, 79 Mo. 532; Brown v. Langlois, 70 Mo. 225.

The trial court has the undoubted power, on motion in arrest, to correct any error based upon its interpretations of law as applied to the record proper.    Sweet v. Maupin, 65 Mo. 65.    It may, for stronger reason, exercise such power to correct an error of record before the case has passed to a verdict or finding preliminary to final judgment.

When the trial court in this cause discovered that it had fallen into error by its order setting aside the first judgment in view of the fact that the record proper disclosed no irregularity therein, it was competent for that court, while the case remained before it as a pending suit, to correct that error on motion by setting aside its erroneous ruling, notwithstanding the right to have such an error corrected by a higher court on appeal or writ of error might have been wholly lost to the parties by reason of the omission to transfix the error by a bill of exceptions.    Aull v. Day, 133 Mo. 337; Rogers v. Watrous, 8 Tex. 62.    However, we do not wish to be understood to decide whether or not the original error in granting the motion to set aside the first judgment, was or was not reviewable on appeal.    That point is not before us.    We hold that it was reviewable by the trial court and that the action of that court in vacating its erroneous order directed against the first judgment was within its authority and was correct in view of the said decision of the Supreme Court in the cause between the same parties concerned in the present appeal.

The judgment is affirmed.    *Bland, P. J.,* and *Goode, J.,* concur.